BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
JUDRY L. SUBAR
Assistant Director
Federal Programs Branch
M. ANDREW ZEE (CA Bar No. 272510)
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Fax: (415) 436-6632
Email: m.andrew.zee@usdoj.gov

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN HART, NINA SILVA-COLLINS, and LEE HARRIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security, in her official capacity,<br><br>Defendant. | Case No. 3:15-cv-00623-JST<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Hearing: June 25, 2015, 2:00 p.m.<br><br>Hon. Jon S. Tigar |

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION................................................................................................1

STATEMENT OF THE ISSUE..................................................................................1

STATUTORY AND REGULATORY BACKGROUND............................................1

I.     DISABILITY DETERMINATIONS AND THE CONSULTATIVE
EXAMINATION PROCESS.............................................................................2

II.    ADMINISTRATIVE REVIEW OF DISABILITY BENEFITS CLAIMS.........3

III.   REMOVAL OF DR. FRANK CHEN FROM THE CE PHYSICIAN PANEL.................4

PLAINTIFFS' ALLEGATIONS.................................................................................4

LEGAL STANDARD.................................................................................................7

ARGUMENT..............................................................................................................7

I.     THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER
PLAINTIFFS' CLAIMS BECAUSE THERE HAS BEEN NO "FINAL
DECISION" OF THE SSA COMMISSIONER.............................................10

     A.  42 U.S.C. § 405(g) Is The Exclusive Jurisdictional Basis For
Any Claim "Arising Under" The Social Security Act.............................10

     B.  Plaintiffs Have Not Obtained A Final Decision Subject to Review
Under § 405(g) Because They Have Not Exhausted
Their Administrative Remedies..............................................................13

     C.  There Is No Basis For This Court To Waive § 405(g)'s Exhaustion
Requirement..........................................................................................15

          1.  Plaintiffs' Claim Is Not Collateral Because It Is Essentially
A Claim For Benefits..................................................................15

          2.  Exhaustion Of Administrative Remedies Would Not Be Futile.................17

II.    PLAINTIFFS' ASSERTION OF A CONSTITUTIONAL CLAIM DOES
NOT CONFER SUBJECT MATTER JURISDICTION..................................19

CONCLUSION.........................................................................................................21

# TABLE OF AUTHORITIES

**CASES**                                                                **PAGE(S)**

*Am. Med. Colleges v. United States,*
  217 F.3d 770 (9th Cir. 2000) ................................................................. 7

*Arago v. Astrue,*
  2010 WL 1948620 (N.D. Cal. May 13, 2010) ................................... 12, 16

*Bowen v. City of New York,*
  476 U.S. 467 (1986) ............................................................... 15, 16, 17

*Califano v. Sanders,*
  430 U.S. 99 (1977) .................................................................. 10, 19-20

*Evans v. Chater,*
  110 F.3d 1480 (9th Cir. 1997) ............................................................ 19

*Heckler v Campbell,*
  461 U.S. 458 (1983) ........................................................................... 7

*Heckler v. Day,*
  467 U.S. 104 (1984) .......................................................................... 13

*Heckler v. Ringer,*
  466 U.S. 602 (1984) ........................................................... 9, 11, 12, 20

*Hironymous v. Bowen,*
  800 F.2d 888 (9th Cir. 1986) ............................................................ 11

*Hoye v. Sullivan,*
  985 F.2d 990 (9th Cir. 1992) ............................................................ 20

*Johnson v. Shalala,*
  2 F.3d 918 (9th Cir. 1993) .......................................................... passim

*Kildare v. Saenz,*
  325 F.3d 1078 (9th Cir. 2003) ................................................... 13, 16-18

*Klemm v. Astrue,*
  543 F.3d 1139 (9th Cir. 2008) .................................................... 19-20

*Knievel v. ESPN,*
   393 F.3d 1068 (9th Cir. 2005) ................................................................. 5

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
   511 U.S. 375 (1994) .............................................................................. 10

*Korb v. Colvin,*
   2014 WL 2514616 (N.D. Cal. June 4, 2014) ................................... 13, 15

*Korb v. Comm'r of Social Security,*
   2013 WL 5288961 (N.D. Cal. Sep. 19, 2013) ...................................... 16

*Lehman v. Nakshian,*
   453 U.S. 156 (1981) .............................................................................. 10

*Library of Congress v. Shaw,*
   478 U.S. 310 (1986) .............................................................................. 10

*Lindberg v. Wells Fargo Bank, N.A.,*
   2015 WL 1137634 (N.D. Cal. Mar. 13, 2015) ......................................... 5

*Markham v. United States,*
   434 F.3d 1185 (9th Cir. 2006) ............................................................... 21

*Matthews v. Eldridge,*
   424 U.S. 319 (1976) .............................................................................. 20

*McCarthy v. Madigan,*
   503 U.S. 140 (1992) ......................................................................... 13, 14

*Renne v. Geary,*
   501 U.S. 312 (1991) ................................................................................ 7

*Shalala v. Ill. Council on Long Term Care,*
   529 U.S. 1 (2000) .................................................................... 11, 14, 20

*Simi Mgmt. Corp. v. Bank of Am. Corp.,*
   2012 WL 259865 (N.D. Cal. Jan. 27, 2012) ........................................... 5

*Sommatino v. United States,*
   255 F.3d 704 (9th Cir. 2001) ............................................................. 5, 7

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) .......................................................................... 7, 10, 15

**Hart, et al. v. Colvin, Case No. 3:15-cv-00623-JST**
**Defendant's Motion to Dismiss**

*Tracey v. Astrue*,
  2011 WL 902201 (E.D. Cal. Mar. 15, 2011) ........................................................ 18

*Weinberger v. Salfi*,
  422 U.S. 749 (1975) ................................................................................ passim

**STATUTES**

42 U.S.C. § 1381 et seq. ............................................................................... 1
42 U.S.C. § 1383(c)(3) ............................................................................. 1, 7
42 U.S.C. § 401 et seq. ................................................................................. 1
42 U.S.C. § 405(a) ...................................................................................... 13
42 U.S.C. § 405(g) ................................................................................ passim
42 U.S.C. § 405(h) ................................................................................ passim

**RULES**

Federal Rule of Civil Procedure 12(b)(1) ................................................... 1, 5, 7, 15

**REGULATIONS**

20 C.F.R. § 404.900 ......................................................................... 1, 3, 4, 13
20 C.F.R. § 404.902 ...................................................................................... 3
20 C.F.R. § 404.921 ...................................................................................... 3
20 C.F.R. § 404.929 ...................................................................................... 3
20 C.F.R. § 404.930 ...................................................................................... 3
20 C.F.R. § 404.933 ...................................................................................... 3
20 C.F.R. § 404.944 ...................................................................................... 3
20 C.F.R. § 404.949 ..................................................................................... 15
20 C.F.R. § 404.950(a) ................................................................................. 15
20 C.F.R. § 404.953 ...................................................................................... 3
20 C.F.R. § 404.955 ...................................................................................... 4
20 C.F.R. § 404.967 ................................................................................... 3, 4
20 C.F.R. § 404.968 ............................................................................... 3, 8, 15
20 C.F.R. § 404.969 ...................................................................................... 4
20 C.F.R. § 404.970(a) ............................................................................... 3, 8
20 C.F.R. § 404.975 ...................................................................................... 4
20 C.F.R. § 404.976(b) .............................................................................. 4, 8
20 C.F.R. § 404.977 ...................................................................................... 4
20 C.F.R. § 404.979 ...................................................................................... 4
20 C.F.R. § 404.981 ...................................................................................... 4
20 C.F.R. § 404.1503 ................................................................................ 2, 3
20 C.F.R. § 404.1512 .............................................................................. 2, 18

20 C.F.R. § 404.1513(a)................................................................................................ 12, 17
20 C.F.R. § 404.1519..................................................................................................... 1, 2
20 C.F.R. § 404.1519a.................................................................................................... 2, 9
20 C.F.R. § 404.1519g.................................................................................................... 1, 2
20 C.F.R. § 404.1519h.......................................................................................................2
20 C.F.R. § 404.1519i....................................................................................................... 2
20 C.F.R. § 404.1519s...................................................................................................... 2
20 C.F.R. § 404.1527........................................................................................................ 9
20 C.F.R. § 404.1614........................................................................................................ 2
20 C.F.R. § 416.903........................................................................................................ 2, 3
20 C.F.R. § 416.912....................................................................................................... 2, 18
20 C.F.R. § 416.913(a).................................................................................................. 12, 17
20 C.F.R. § 416.919......................................................................................................... 1, 2
20 C.F.R. § 416.919a....................................................................................................... 2, 9
20 C.F.R. § 416.919g....................................................................................................... 1, 2
20 C.F.R. § 416.919h.......................................................................................................... 2
20 C.F.R. § 416.919i.......................................................................................................... 2
20 C.F.R. § 416.919s......................................................................................................... 2
20 C.F.R. § 416.927........................................................................................................... 9
20 C.F.R. § 416.930........................................................................................................... 3
20 C.F.R.  § 416.1014........................................................................................................ 2
20 C.F.R. § 416.1400............................................................................................. 1, 3, 4, 13
20 C.F.R. § 416.1402......................................................................................................... 3
20 C.F.R. § 416.1421......................................................................................................... 3
20 C.F.R. § 416.1429......................................................................................................... 3
20 C.F.R. § 416.1433......................................................................................................... 3
20 C.F.R. § 416.1444......................................................................................................... 3
20 C.F.R. § 416.1449........................................................................................................ 15
20 C.F.R. § 416.1450(a).................................................................................................... 15
20 C.F.R. § 416.1453......................................................................................................... 3
20 C.F.R. § 416.1455......................................................................................................... 4
20 C.F.R. § 416.1467....................................................................................................... 3, 4
20 C.F.R. § 416.1468.................................................................................................. 3, 8, 15
20 C.F.R. § 416.1469......................................................................................................... 4
20 C.F.R. § 416.1470(a).................................................................................................. 3, 8
20 C.F.R. § 416.1475......................................................................................................... 4
20 C.F.R. § 416.1476....................................................................................................... 4, 8
20 C.F.R. § 416.1477......................................................................................................... 4
20 C.F.R. § 416.1479......................................................................................................... 4
20 C.F.R. § 416.1481......................................................................................................... 4

## NOTICE OF MOTION

Defendant, Carolyn W. Colvin, in her capacity as Acting Commissioner of Social Security ("SSA" or "Commissioner"), respectfully moves this Court to dismiss Plaintiffs' Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant respectfully requests that this motion be heard on June 25, 2015, at 2:00 p.m., or as soon as feasible thereafter.  Defendant requests that this Court dismiss Plaintiffs' Complaint in its entirety because this Court lacks subject matter jurisdiction to hear any of the claims asserted by Plaintiffs against SSA.

## STATEMENT OF THE ISSUE

Whether Plaintiffs' failure to obtain a final decision of the Commissioner, and their consequent failure to exhaust the administrative remedies available to them, precludes this Court from asserting jurisdiction in this case under 42 U.S.C. § 405(g).

## STATUTORY AND REGULATORY BACKGROUND

Pursuant to Title II and Title XVI of the Social Security Act, SSA administers two programs that provide benefits to qualified individuals based on disability.  These programs are the Social Security Disability Insurance program (SSDI) and the Supplemental Security Income program (SSI).  42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.*  Generally, SSDI benefits are for individuals who have made contributions to the program through Social Security taxes on earnings, while SSI payments are for individuals who are disabled and have limited income and other resources.  To obtain judicial review, the Act requires a claimant first to obtain a final decision of the Commissioner made after a hearing.  *See id.* §§ 405(g), 1383(c)(3).  In order to obtain such a final decision, the claimant must exhaust SSA's detailed administrative process for determining whether he or she is "disabled."  *See* 20 C.F.R. §§ 404.900, 416.1400.  Of particular relevance to this case, when necessary for SSA to adjudicate a benefits claim, the agency may purchase a physical or mental examination of the claimant by a qualified medical source—*i.e.*, a "consultative examination."  20 C.F.R. §§ 404.1519, 404.1519g, 416.919, 416.919g.

## I.   DISABILITY DETERMINATIONS AND THE CONSULTATIVE EXAMINATION PROCESS.

Individuals who apply for SSDI benefits or SSI payments are eligible if they are found to be "disabled" under the Social Security Act.  Generally, disability claims are processed by SSA field offices and State agencies, known as Disability Determination Services (DDS).  A DDS has responsibility for making an initial determination of whether a claimant is disabled, a process which includes obtaining and reviewing evidence from medical sources.  *Id.* §§ 404.1614, 416.1014.  Under SSA regulations, the DDS makes every reasonable effort to assist the claimant in obtaining evidence from the claimant's own medical sources.  *Id.* §§ 404.1512, 416.912.  The DDS may also order, at SSA's expense, a consultative examination (CE) by either the claimant's treating source or an independent medical source.  *Id.* §§ 404.1519, 404.1519a, 416.919, 416.919a.  Provided that the treating source is qualified, equipped, and willing to perform the CE, he or she is ordinarily the preferred source for that examination.  *Id.* §§ 404.1519h, 416.919h.  The DDS may, however, arrange for a source other than the treating source to perform the CE, including when the treating source is unwilling to perform the CE, conflicts exist in the medical record, the claimant prefers a different source, or the treating source may not be a productive source of medical evidence.  *Id.* §§ 404.1519i, 416.919i.

To perform a CE, the source must be "qualified," which means that the source must be licensed, have adequate training, experience, and equipment to perform the CE, and not otherwise be barred from participating in SSA programs.  *Id.* §§ 404.1519g, 416.919g.  SSA regulations impose primary responsibility on the State DDS agencies for overseeing and managing their CE programs, and set forth minimum requirements State agencies must provide for those CE programs.  *Id.* §§ 404.1519s(d), (f), 416.919s(d), (f).

The California State agency relevant to this case is the Disability Determination Service Division of the California Department of Social Services, referred to here (and in Plaintiffs' Complaint) as the DDSD.  Compl. ¶ 34; 20 C.F.R. §§ 404.1503(a), 416.903(a).  When a consultative examination is deemed necessary, the California DDSD selects from a panel of physicians who are authorized to perform CEs.

## II.   ADMINISTRATIVE REVIEW OF DISABILITY BENEFITS CLAIMS.

SSA regulations provide a detailed, multi-step process for administrative review that the claimant must exhaust in order to obtain a "final decision" that is subject to judicial review.  *See generally* 20 C.F.R. §§ 404.900, 416.1400.  After filing an application for SSDI benefits or SSI payments, the claimant will then receive an initial determination on his or her claim.  *Id.* §§ 404.902, 416.1402.  If the claimant is dissatisfied with this determination, he or she may seek reconsideration.  *Id.* §§ 404.929, 416.1429.  In California, as in other States, the initial determination and any reconsideration decision are made by the State agency, which in California is the DDSD.  *Id.* §§ 404.1503, 416.903.

If the claimant is dissatisfied after the reconsideration decision, he or she may, within 60 days, seek further administrative review by requesting a hearing before an Administrative Law Judge (ALJ) employed by SSA.  *Id.* §§ 404.930, 404.933, 416.930, 416.1433.  If the claimant does not request a hearing or an extension of time, the determination becomes binding.  *Id.* §§ 404.921, 416.1421.  If the claimant requests a hearing, an ALJ is assigned and reviews the case *de novo.  Id.* §§ 404.929, 416.1429.  The ALJ conducts an administrative hearing, *see id.* §§ 404.944, 416.1444, and then issues a written decision.  *Id.* §§ 404.953, 416.1453.  If the ALJ renders a decision that is unfavorable to the claimant, the claimant may ask SSA's Appeals Council (AC) to review the ALJ's decision within 60 days of receiving it.  *Id.* §§ 404.967-404.968, 416.1467-416.1468.

Appeals Council review is the final step in SSA's administrative review process.  When a claimant requests AC review of an ALJ's decision, he or she may submit evidence, arguments, or other documents in support of the request for review.  *Id.* §§ 404.968(a), 416.1468(a).  The AC will grant review if there has been an abuse of discretion or an error of law, or if the ALJ's actions, findings, or conclusions are not supported by substantial evidence in the record.  *Id.* §§ 404.970(a), 416.1470(a).  The AC will also grant review if there is a broad policy or procedural issue that may affect the general public interest.  *Id.*  On review, claimants may file briefs and request oral argument.  *Id.* §§ 404.975, 404.976(c), 416.1475, 416.1476(c).  The AC will grant a request for a hearing if it decides that the case raises an important question of law or

policy or that oral argument would help to reach a proper decision, *id.* §§ 404.975, 416.1475, and the AC may also obtain additional evidence, *id.* §§ 404.976(b), 416.1476(b).  Finally, the AC may remand a case so that the ALJ may hold a hearing and issue a decision, or obtain additional evidence.  *Id.* §§ 404.977(a), 416.1477(a).

If AC review is not requested, and the AC does not choose to review the decision on its own motion, then the ALJ's decision becomes binding.  *Id.* §§ 404.955, 404.969, 416.1455, 416.1469.  The AC may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an ALJ.  *Id.* §§ 404.967, 404.977, 404.979, 416.1467, 416.1477, 416.1479.  If the AC issues a decision or declines to review the case, the claimant has exhausted the administrative review process and obtained a final decision of the Commissioner.  *Id.* §§ 404.900, 404.981, 416.1400, 416.1481.  The claimant may request judicial review by filing a complaint in federal district court within 60 days after receipt of the notice of the AC's action.

## III.     REMOVAL OF DR. FRANK CHEN FROM THE PHYSICIAN PANEL.

Plaintiffs allege that Dr. Frank Chen is a medical doctor who performed consultative examinations for the DDSD in four clinics throughout the San Francisco Bay Area.  Compl. ¶ 72. Based, in part, on uncorrected deficiencies regarding the quality of his reports and the thoroughness of his consultative examinations, the DDSD removed Dr. Chen from the State's CE panel effective December 30, 2013.  *Id.* ¶¶ 74-76.

## PLAINTIFFS' ALLEGATIONS

As pled in the Complaint, Plaintiffs are three individuals seeking SSDI benefits and SSI payments based on claims of disability.  They challenge the agency's actions because, before he was removed from the DDSD panel, Dr. Chen examined them, and therefore his CE reports appear in their files.  None of the Plaintiffs, however, allege that they have completed the agency review process that is a mandatory prerequisite to subject matter jurisdiction in this Court.

Plaintiff Hart currently receives disability benefits but alleges that he has received a notice of benefits termination from SSA following a continuing disability review proceeding.

Compl. ¶¶ 34, 37.  In the Complaint, Plaintiff Hart alleges that he is awaiting his hearing before an ALJ.  *See id.* ¶ 36.  The government's understanding is that this allegation is no longer accurate and that an ALJ hearing has since taken place, as shown by the attached correspondence from SSA and the DDSD to Mr. Hart and his representative.  *See* Exhibit A to the Attached Declaration of Lisa Pagan ("Ex. A").[1]  As indicated in this correspondence, the ALJ has arranged for a new CE for Mr. Hart, to be procured at the agency's expense, from a source other than Dr. Chen.  *Id.*

Plaintiff Silva-Collins alleges that her application for benefits was denied initially and on reconsideration, and that an ALJ subsequently found her not disabled and denied her claim. Compl. ¶¶ 40, 47.  Ms. Silva-Collins alleges that she is appealing the ALJ's decision through SSA's administrative process by filing a request for review by the Appeals Council, whose decision she is awaiting.  *Id.* ¶ 50.

Plaintiff Harris applied for SSI payments in August 2011; that claim was denied initially and on reconsideration, and an ALJ subsequently issued a decision finding him not disabled in

---

[1] SSA submits Exhibit A to inform the Court of developments in Mr. Hart's case since the Complaint was filed.  This material is not submitted to argue the substantive merits of any claim or defense, but rather to supplement the background allegations contained in Paragraph 36 of Plaintiffs' Complaint and to aid the Court in deciding this Rule 12(b)(1) Motion.  *See Sommatino v. United States*, 255 F.3d 704, 709 n.3 (9th Cir. 2001) ("In reviewing a motion to dismiss based on lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the court may consider affidavits or any other evidence properly before the court.").  Were the Court to decide this Motion under Rule 12(b)(6), which it need not do, *see infra* n.5, it may nonetheless consider this material without converting the Motion into one under Rule 56.  *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (permitting consideration of document attached to motion to dismiss where claim depended on document, authenticity of document was unquestioned, yet plaintiff did not specifically allege the contents of the document); *Lindberg v. Wells Fargo Bank, N.A.*, No. C 14-2544 PJH, 2015 WL 1137634, at *4 (N.D. Cal. Mar. 13, 2015), *appeal pending*; *Simi Mgmt. Corp. v. Bank of Am. Corp.*, No. C-11-05573-DMR, 2012 WL 259865, at *5 (N.D. Cal. Jan. 27, 2012).  Although Plaintiffs could not have identified the contents of Exhibit A at the time the Complaint was filed, these materials now form a necessary aspect of their claims.

June 2013.  *Id.* ¶¶ 56, 65.  Mr. Harris made no further appeal of the ALJ's 2013 decision.  He filed a second claim for SSI payments in November 2013, which is under administrative review. Mr. Harris is awaiting a hearing before an ALJ.  *Id.* ¶ 69.

Throughout the Complaint, Plaintiffs center their allegations on Dr. Chen, and his removal from the DDSD's panel of authorized CE providers effective December 30, 2013.  *Id.* ¶ 76.  Plaintiffs allege a variety of deficiencies in Dr. Chen's medical examinations, in his CE reports, and in his personal and professional demeanor while examining claimants.  *Id.* ¶ 73. Plaintiffs also cite corrective action letters from DDSD to Dr. Chen issued before his removal and identifying "areas of concern" and "continuing problems."  *Id.* ¶¶ 74-75.  Plaintiffs claim that SSA has improperly relied on Dr. Chen's reports to deny or terminate benefits, that SSA improperly failed to "monitor and ensure the adequacy of the CE process and providers," *id.* ¶ 97, and that SSA failed to provide them with notice of Dr. Chen's removal.  *See id.* ¶¶ 77, 78, 84, 100.

Without completing the agency review processes, Plaintiffs filed a Complaint in this Court asserting three causes of action.  In their first two causes of action, they claim that SSA has violated the Social Security Act and implementing regulations by its alleged reliance on Dr. Chen's CE reports.  *Id.* ¶¶ 119-21, 125-28.  In their third cause of action, Plaintiffs assert that failing to provide a "complete and thorough" CE, failing to provide notice of Dr. Chen's removal, and failing to provide claimants with copies of their CE reports amounts to a Fifth Amendment due process violation.[2]  *Id.* ¶¶ 133-34.

This Court lacks jurisdiction to hear any of Plaintiffs' claims, and the Complaint should be dismissed in its entirety.

_____

[2] Plaintiffs further allege that they are proceeding on behalf of a putative class of Social Security claimants, which they define as follows: "All persons whose SSI disability or SSDI benefits were either denied or terminated and for whom a consultative examination report was prepared by Dr. Frank Chen."  Compl. ¶ 109.

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Motion to Dismiss**
6

## LEGAL STANDARD

SSA moves to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). This Court must determine whether it has subject matter jurisdiction before addressing the merits of the complaint, *see id.* at 93-95, and should "presume that [it] lack[s] jurisdiction unless the contrary appears affirmatively from the record," *Renne v. Geary*, 501 U.S. 312, 316 (1991) (internal citations and quotation marks omitted). "In reviewing a motion to dismiss based on lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the court may consider affidavits or any other evidence properly before the court." *Sommatino v. United States*, 255 F.3d 704, 709 n.3 (9th Cir. 2001) (citing *Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000)).

## ARGUMENT

SSA administers what the Supreme Court has described as "probably the largest adjudicative agency in the western world." *Heckler v. Campbell*, 461 U.S. 458, 461 n.2 (1983) (internal quotation omitted). The Act it administers, and the regulations issued pursuant to the Commissioner's authority under the Act, include mechanisms for unsuccessful claimants to seek administrative review of adverse disability determinations, and delineate carefully defined circumstances in which a claimant who has been denied benefits may seek judicial review of that denial. Plaintiffs have skipped this administrative process, and thereby ignored Congress's jurisdictional limitations in an effort to present broad claims for relief directly to this Court. This attempt is wholly contrary to what Congress has authorized, and the Court thus lacks jurisdiction to hear this lawsuit.

Pursuant to 42 U.S.C. § 405(g), made applicable to SSI claims by 42 U.S.C. § 1383(c)(3), an individual may obtain judicial review of an adverse disability determination only after the Commissioner has made a "final decision." Plaintiffs invoke § 405(g) as their basis for jurisdiction, *see* Compl. ¶ 11, yet never allege that any such final decision has been made on any of their claims. Instead, they allege just the opposite by acknowledging that their claims are still

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Motion to Dismiss**

pending at the administrative level.  Under longstanding Supreme Court and Ninth Circuit precedent, there is no "final decision"—and hence no judicial review available—until the claimant has completely exhausted his administrative remedies.  *See, e.g.*, *Weinberger v. Salfi*, 422 U.S. 749, 757-58 (1975); *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993).

Plaintiffs seek to circumvent the administrative scheme and proceed directly in this Court.  Presumably, they suppose—but they never allege—that it would be "futile" to complete the agency process and obtain a final decision.  Plaintiffs are acutely mistaken given the absence of any indication that SSA would ignore concerns about CEs performed by Dr. Chen in the course of future administrative proceedings.

The claims of all three Plaintiffs, as they freely admit, are still subject to SSA's administrative review process.  Compl. ¶ 36 (alleging that Mr. Hart "is awaiting his hearing"); *id.* ¶ 50 ("Ms. Silva-Collins filed an appeal to the SSA Appeals Council, and is currently awaiting their decision."); *id.* ¶ 69 ("Mr. Harris filed a written request for a [ALJ] hearing on February 4, 2015.  That request is pending.").  There is no basis to presuppose that the administrative process will be a meaningless exercise for them.  As explained above, in response to arguments or evidence that a claimant may submit, the Appeals Council (in the case of Ms. Silva-Collins) has broad authority to grant review where an ALJ's decision is not supported by substantial evidence, or where a broad policy or procedural issue affecting the public interest is present.  20 C.F.R. §§ 404.970(a), 416.1470(a).  Further, the AC may obtain additional evidence, and has the power to remand a case for the ALJ to do so.  *Id.* §§ 404.976(b), 416.1476(b).  A claimant who is seeking AC review of an ALJ decision may also submit documents and additional evidence in support of this request.  *Id.* §§ 404.968(a), 416.1468(a).  An ALJ, meanwhile (in Mr. Harris's

case) has authority to order a new CE for someone in Mr. Harris's position,[3] or to afford particular evidence—such as a report from Dr. Chen—little or no weight, depending on the circumstances. *See id.* §§ 404.1519a, 404.1527, 416.919a, 416.927. At any stage of the administrative process, Plaintiffs remain free to present their allegations regarding the alleged impropriety of relying on Dr. Chen's reports in the course of their administrative proceedings.

Accordingly, there is no valid basis to fashion an exception to the usual rules of exhaustion here, and every reason to demand respect for the statutory scheme Congress enacted. All three Plaintiffs have indisputably failed to go through the agency's administrative review process. One claimant has already received a new CE when his hearing was convened. There is no reason to subvert established principles of exhaustion to permit this Court to assume jurisdiction while SSA proceeds to address the issue at the administrative level.

Further, that Plaintiffs have framed one of their causes of action in constitutional terms, *see* Compl. ¶¶ 131-35, does not exempt them from the jurisdictional limitations of § 405(g) and the exhaustion requirement. A plaintiff cannot obtain judicial review of an unexhausted claim merely by characterizing it as one of constitutional dimension. *Heckler v. Ringer*, 466 U.S. 602, 615 (1984); *see also Salfi*, 422 U.S. at 760-61. Instead, the Social Security Act makes clear that § 405(g) is the exclusive jurisdictional basis for a claimant who seeks "to recover on *any claim* arising under" the Act. 42 U.S.C. § 405(h) (emphasis added). Under longstanding Supreme Court precedent, a claim "arises under" the Act when that statute provides "both the standing and the substantive basis for" the claim, regardless of whether the claims can be characterized as also arising under other statutes or constitutional guarantees. *Ringer*, 466 U.S. at 615; *Salfi*, 422 U.S.

---

[3] Indeed, since the Complaint was filed, one of the Plaintiffs, Mr. Hart, has already proceeded to a hearing and received from SSA the relief he asks this Court to provide, namely, an opportunity for a new consultative examination from a different physician. *See* Ex. A; Compl. ¶ 1. After he convened Mr. Hart's hearing, the ALJ ordered a consultative internal medicine examination at the government's expense; that examination is scheduled for May 6, 2015. *See* Ex. A.

at 760-61.  Plaintiffs' nominal constitutional due process claim is firmly rooted in their claims for benefit payments under the Act, and in the regulatory provisions governing the consultative examination process.  Because this claim unquestionably arises under the Act, and because Plaintiffs lack a final decision of the Commissioner, it may not be heard by this Court and, like Plaintiffs' other claims, must be dismissed for lack of subject matter jurisdiction.

I.     **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS BECAUSE THERE HAS BEEN NO "FINAL DECISION" OF THE SSA COMMISSIONER.**

Federal courts possess limited jurisdiction and, as the Supreme Court has made clear, this Court is to "presume[] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Moreover, "the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (internal citations and quotation marks omitted).  Waivers of sovereign immunity and any limiting conditions must be strictly construed in favor of the government.  *Library of Congress v. Shaw,* 478 U.S. 310, 318 (1986).   Plaintiffs have the burden to prove the existence of subject matter jurisdiction by a preponderance of the evidence.  *Steel Co.*, 523 U.S. at 102-04.

A.     **42 U.S.C. § 405(g) Is The Exclusive Jurisdictional Basis For Any Claim "Arising Under" The Social Security Act.**

Section 405(g) is the sole jurisdictional basis for a Court to review a decision denying SSDI benefits or SSI payments under Titles II and XVI of the Social Security Act.  That provision provides for judicial review of a "final decision" of the Commissioner made after a hearing to which the plaintiff was a party.  *See Califano v. Sanders*, 430 U.S. 99, 102, 108 (1977).  A reviewable final decision, in turn, is one in which a claimant has exhausted his or her claim for benefits by obtaining a final decision from the agency.  *See Salfi*, 422 U.S. at 757-58; *Hironymous v. Bowen,* 800 F.2d 888, 893-94 (9th Cir. 1986).  A neighboring provision, section

405(h), expressly provides that § 405(g) is the *exclusive* jurisdictional basis for a claimant seeking "to recover on any claim arising under" the Act.  42 U.S.C. § 405(h).

Under § 405(h), "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." The Supreme Court has characterized § 405(h)'s bar to avenues of review other than § 405(g) as "sweeping and direct," *Salfi*, 422 U.S. at 757, and explained that this bar applies to "all 'claim[s] arising under' the [ ] Act."  *Ringer*, 466 U.S. at 615 (citing *Salfi*, 422 U.S. at 760-61).  A claim arises under the Act when that statute provides "both the standing and the substantive basis for" the claim, regardless of whether the claims can be characterized as also arising under other statutes or constitutional guarantees.  *Ringer*, 466 U.S. at 615 (citing *Salfi*, 422 U.S. at 760-61). Thus, so long as the claim arises under the Act, the nature of the claim has no bearing on whether it must be channeled through the exclusive judicial review provisions of § 405(g):

> [*Weinberger v. Salfi*, 422 U.S. 749 (1975), and *Heckler v. Ringer*, 466 U.S. 602 (1984)] themselves foreclose distinctions based upon . . . the "collateral" versus "noncollateral" nature of the issues, or the "declaratory" versus "injunctive" nature of the relief sought. Nor can we accept a distinction that limits the scope of § 405(h) to claims for monetary benefits.  Claims for money, claims for other benefits, claims of program eligibility, and claims that contest a sanction or remedy may all similarly rest upon individual fact-related circumstances, may all similarly dispute agency policy determinations, or may all similarly involve the application, interpretation, or constitutionality of interrelated regulations or statutory provisions. There is no reason to distinguish among them in terms of the language or in terms of the purposes of § 405(h).

*Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 13-14 (2000).

Here, Plaintiffs' claims are fundamentally for payment of Social Security benefits, and the Act decidedly provides the "standing and substantive basis" for those claims.  Indeed, the

basis for Defendant's asserted liability is the alleged violation of a myriad of Social Security statutory and regulatory provisions. Compl. ¶¶ 119, 125-26.[4]  When claims for judicial review are "inextricably intertwined" in this manner with a claim for benefits, section 405(h) channels those claims into § 405(g)'s final decision requirement. *Ringer*, 466 U.S. at 624 (holding that plaintiffs' claims were barred by § 405(h) when they "are inextricably intertwined with what we hold is in essence a claim for benefits").

Although they attempt to frame certain causes of action in terms challenging alleged SSA policies or practices, such as "improper reliance", "failure to monitor", and "procedural due process," all such claims are equally intertwined with Plaintiffs' individual benefit determinations, and therefore must be channeled through § 405(g)'s judicial review provision. Under that provision, Congress has expressly limited judicial review of SSA benefit determinations to cases where the plaintiff has obtained a final decision, has timely exhausted the administrative review process delineated by SSA's regulations (issued pursuant to the Act), and has timely sought judicial review. Nowhere in Plaintiffs' Complaint do they allege that they have met any of these criteria, let alone all of them. For this reason, the Complaint must be dismissed for lack of jurisdiction.

---

[4] Plaintiffs allege that by allowing its adjudicators to rely on Dr. Chen's reports, SSA has violated its own regulations requiring disability determinations to be based on "evidence from acceptable medical sources." Compl. ¶¶ 93-94 (citing 20 C.F.R. §§ 404.1513(a), 416.913(a)). Yet the cited regulations require only that the medical source be, as relevant to Dr. Chen, a "Licensed physician," and Plaintiffs nowhere allege that Dr. Chen lacked a valid license. This Court has confirmed that §§ 404.1513(a) and 416.913(a) demand merely that the examiner be a licensed physician. *Arago v. Astrue*, No. C-09-3603, 2010 WL 1948620, at *5 (N.D. Cal. May 13, 2010) ("The record reflects that Dr. Gable was a M.D., and therefore an acceptable medical source under the Social Security regulations whose opinion may be relied upon by the Commissioner in determining whether Mr. Arago had a medically determinable impairment."). Plaintiffs' assertion that SSA's reliance on Dr. Chen's reports violated the "acceptable medical source" requirement is therefore misplaced.

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Motion to Dismiss**

**B.     Plaintiffs Have Not Obtained A Final Decision Subject to Review Under § 405(g) Because They Have Not Exhausted Their Administrative Remedies.**

A judicially reviewable "final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) (citing *Johnson v*, 2 F.3d at 921). Plaintiffs have not alleged that they have satisfied the second element. Nor could they do so, since, by their own admission, their claims are still pending at the administrative level and, by definition, thus remain unexhausted.

As set forth above, SSA's regulations establish a multi-step administrative review process leading to a final decision, which is required before filing suit in federal court. *See* 42 U.S.C. § 405(a); 20 C.F.R. §§ 404.900, 416.1400; *Heckler v. Day*, 467 U.S. 104, 106 (1984) ("To facilitate the orderly and sympathetic administration" of SSA's programs, SSA and Congress "have established an unusually protective [multi]-step process for the review and adjudication of disputed claims."). Not only do Plaintiffs here fail to allege that they have exhausted this administrative review process, but they admit that they *have not* done so. For instance, Plaintiff Silva-Collins alleges that her claim is on administrative appeal to the SSA Appeal Council, and states that she "is currently awaiting their decision." Compl. ¶ 50. Plaintiff Harris is at an even earlier stage of the process, as he alleges that his request for an ALJ hearing, filed on February 4, 2015, remains "pending." *Id.* ¶ 69. As for Plaintiff Hart, he has also conceded that his claim is unexhausted, since, when the Complaint was filed, he was "awaiting his hearing" before an ALJ. *Id.* ¶ 36. Furthermore, Mr. Hart's hearing has since occurred, and, as if to illustrate the purpose behind the exhaustion requirement, the ALJ ordered a new consultative examination for Mr. Hart—the very relief that he seeks to obtain in this lawsuit. *See* Ex. A.

As this Court has noted, "[e]xhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Korb v. Colvin*, No. 4:12-cv-08847, 2014 WL 2514616, at *5 (N.D. Cal. June 4, 2014) (Tigar, J.) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)) (internal quotation marks omitted). An assertion of jurisdiction by this Court would undermine agency authority by placing this Court in

a role overseeing complex SSA disability determinations that Congress never intended it to assume—and indeed expressly guarded against.  *See McCarthy*, 503 U.S. at 145 ("Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise.").  It is quintessentially within SSA's and its adjudicators' "special expertise" to decide the weight, if any, to which Dr. Chen's CE reports are entitled, and ultimately whether Plaintiffs are entitled to benefits.  Pursuant to Congress's directive, that determination is one that should be made by SSA in the first instance, and not by this Court confronted with a partial record from unfinished administrative proceedings.

Moreover, the principle that exhaustion will provide SSA "the opportunity to reconsider its policies, interpretations, and regulations in light of [Plaintiffs'] challenges," *Ill. Council*, 529 U.S. at 24, is vividly illustrated here.  Plaintiff's Hart's case came up for adjudication, and he received the relief demanded in the Complaint.  *See* Compl. ¶ Prayer (e) (requesting "the opportunity for a new consultative examination from a well-qualified clinician").  And Plaintiffs Silva-Collins and Harris are of course free to present arguments concerning the unreliability of Dr. Chen's reports in their cases at the administrative level.  20 C.F.R. §§ 404.949, 404.950(a), 404.968(a), 416.1449, 416.1450(a), 416.1468(a).  Given their allegations in the Complaint, it is reasonable to expect that they would do so, and in that case SSA would consider those arguments in the course of its administrative process.

There is no reason for this Court to disrupt SSA's ongoing administrative processing of Plaintiffs' claims by engaging in "premature interference" through imposition of the declaratory and injunctive relief that Plaintiffs seek.  *Ill. Council*, 529 U.S. at 13 (Section 405(h) "demands the 'channeling' of virtually all legal attacks through the agency" and "it assures the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions case by case").  Allowing Plaintiffs' suit to go forward while their claims simultaneously proceed at the administrative level would ignore the jurisdictional prerequisite of a "final decision" that Congress established in § 405(g) and would contravene the Supreme

Court's directive "to afford the parties and the courts the benefit of [SSA's] experience and expertise, and to compile a record which is adequate for judicial review." *Salfi*, 422 U.S. at 765.

### C.   There Is No Basis For This Court To Waive § 405(g)'s Exhaustion Requirement.

Plaintiffs might attempt to argue in response to this Motion that the exhaustion requirement should be waived by this Court.  They would be mistaken.[5]

In certain limited circumstances, the exhaustion requirement may be judicially waived upon a proper showing by the plaintiff.  *Johnson*, 2 F.3d 918, 921 (9th Cir. 1993); *Steel Co.*, 523 U.S. at 102-04 (plaintiff's burden to demonstrate subject matter jurisdiction).  To be eligible for waiver, three independent showings must be made: "The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)."  *Johnson*, 2 F.3d at 921.  Plaintiffs cannot satisfy these three necessary conditions.

### 1.   *Plaintiffs' Claim Is Not Collateral Because It Is Essentially A Claim For Benefits.*

First, Plaintiffs cannot satisfy the collaterality requirement.  "A plaintiff's claim is collateral if it is not essentially a claim for benefits."  *Id.* (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)).  Here, however, Plaintiffs' claims are just that: essentially a claim for benefits.

Although Plaintiffs have made an artful attempt to frame their claims as a challenge to an alleged SSA "policy and practice" (presumably in aid of a collaterality argument), the essence of

_____

[5] Defendant seeks dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  Even if an argument concerning waiver of exhaustion could properly be analyzed under the Rule 12(b)(6) standard as opposed to the Rule 12(b)(1) standard, *but see Korb*, 2014 WL 2514616, at *5 n.2 (applying Rule 12(b)(1) rather than Rule 12(b)(6) to exhaustion argument raised in motion to dismiss), the result would be the same in any event.

their Complaint is that they were wrongfully denied benefits due to SSA's alleged reliance on Dr. Chen's reports.  Compl. ¶ 7 ("Plaintiffs challenge Defendant's policy and practice of relying on Dr. Chen's defective CE reports *in denying or terminating benefits . . . .*"); *id.* ¶ 94 ("Defendant's reliance upon deficient CE reports from Dr. Chen in *denying or terminating SSI and SSDI benefits* is contrary to these guidelines.") (emphases added).  Plaintiffs are thus complaining about alleged errors in their three individual (unexhausted) cases.  Far from establishing a supposed "policy" or "practice," this collection of individualized alleged errors is a showing the Ninth Circuit has squarely rejected as inadequate to satisfy collaterality.  *Kildare*, 325 F.3d at 1083 ("An aggregation of individual errors without more does not meet the collaterality requirement."); *see also Korb v. Comm'r of Soc. Sec.*, No. 12–cv–03847, 2013 WL 5288961, at *7 (N.D. Cal. Sep. 19, 2013) (Tigar, J.) ("Waiver is not applicable where 'a claimant sues in district court, alleging mere deviation from the applicable regulations *in his particular administrative proceeding*' because the claimant's claim is not collateral to the benefits determination." (quoting *City of New York*, 476 U.S. at 484) (emphasis added)).

Further, Plaintiffs' citation of a variety of SSA guidelines, regulations, and statutory provisions that they allege have been disregarded or contradicted by the agency, *see* Compl. ¶¶ 84, 94, 97, cannot convert their attempt to recover under the Act into a collateral challenge to an SSA "policy and practice."  Though Plaintiffs assert, for example, that the agency is disregarding its regulations requiring "acceptable medical sources," *see* Compl. ¶¶ 93-94, that regulation has no bearing on this case.  As explained above, *see supra* n.4, the "acceptable medical source" precept relates only to the licensed credentialing of the physician.  *See* 20 C.F.R. §§ 404.1513(a), 416.913(a); *Arago*, 2010 WL 1948620, at *5.  Plaintiffs nowhere allege that Dr. Chen is not a licensed medical doctor.  Their reliance on the "acceptable medical source" regulations is therefore mistaken and insufficient to establish collaterality to what is plainly a set of claims for benefits.

As the Ninth Circuit cautioned in *Kildare*, "we do not think it appropriate to 'take a leap of faith' to find a specific policy to disregard the regulations from these individual errors."  325 F.3d at 1083.  Like in *Kildare*, there is no basis to infer from alleged improprieties in three

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Motion to Dismiss**

individual cases an SSA "policy" to disregard either the Act or the agency's own regulatory requirements. What Plaintiffs have alleged is improper reliance on CE reports in their individual cases, and that alleged reliance is "inextricably intertwined" with their benefits claims. *Id.* (finding putative policy challenge "inextricably intertwined with [plaintiffs'] claims for benefits" where plaintiff identified no "specific policy" and advanced instead "only allegations of idiosyncratic individual errors"). Plaintiffs' claims are not collateral to their individual, still-pending claims for benefits. On this basis alone, the Court should decline to waive the exhaustion requirement.

###### 2.      *Exhaustion Of Administrative Remedies Would Not Be Futile.*

Second, even if Plaintiffs could demonstrate that their litigation claims are "collateral" to their claims for benefits (and they cannot), exhaustion should not be waived in this case because resort to the administrative process is by no means futile. *Johnson*, 2 F.3d at 921. Indeed, the opposite is true. The Ninth Circuit has explained that exhaustion "conserves judicial resources" and allows the agency to "correct its own errors through administrative review." *Id.* at 922. Both of these purposes will be served by allowing the agency to reach a final decision on Plaintiffs' benefits claims, including, to the extent the issue is properly brought to the attention of SSA's adjudicators by Plaintiffs, a determination concerning the reliability of Dr. Chen's individual reports. Far from "conserv[ing] judicial resources," for the Court to decide Plaintiffs' claims while they proceed through the administrative process would needlessly consume those resources.

The lack of futility is underscored by developments in Mr. Hart's case since he filed the Complaint. As noted above, just last month, when his claim was called for an ALJ hearing, the ALJ provided Plaintiff Hart with a new consultative examination from an internist other than Dr. Chen. *See* Ex. A. Plaintiff Hart cannot plausibly argue that there is "nothing to be gained" from administrative exhaustion when he has received the very thing he asked this Court to order. Compl. ¶¶ 1, Prayer(e); *City of New York*, 476 U.S. at 485 (excusing exhaustion on futility grounds when "there was nothing to be gained from permitting the compilation of a detailed

factual record, or from agency expertise").  Even if this Court were to assume jurisdiction and Plaintiffs were to prevail on the merits of their claims, the appropriate remedy would be the substantial equivalent of what Plaintiff Hart has already received.  *See, e.g.*, *Tracey v. Astrue*, No. 1:09-cv-01527, 2011 WL 902201, at *9 (E.D. Cal. Mar. 15, 2011) ("To the extent that the Commissioner determines on remand that the evidence in this case is unreliable or incredible, the agency may be required to obtain additional information by . . . *scheduling further consultative examinations*, possibly with physicians having expertise with orthopedic and chronic pain issues; or securing the opinion of a medical expert." (emphasis added)); 20 C.F.R. §§ 404.1512(e), 416.912(e).

Meanwhile, in the future administrative proceedings for Plaintiffs Silva-Collins and Harris, SSA's ALJs and Appeals Council panels must consider evidence and arguments those Plaintiffs wish to submit, and the adjudicators retain broad authority to grant relief or order supplemental development of the evidentiary record.  For this Court to assume jurisdiction while such proceedings are underway in the agency would be duplicative and improper under § 405(g).  Even crediting Plaintiffs' contention of a vast agency-wide practice of improper reliance on Dr. Chen's reports, these are the circumstances in which the Ninth Circuit acknowledged the need for the agency, not the courts, to address alleged errors in the first instance.  *Kildare*, 325 F.3d at 1084 (declining to find exhaustion futile because SSA could apply "agency expertise in determining whether and what regulations were disregarded in each case, and whether there is a more widespread problem they need to address").  To the extent that any such "widespread problem" might exist in SSA's administrative determinations involving CE reports from Dr. Chen, the agency, and not this Court, possesses the relevant expertise to best resolve the issue.

Though the Ninth Circuit has excused exhaustion on futility grounds when, for example, a challenged policy is "binding on the [Commissioner's] adjudicators" and "would result in a considerable waste of judicial resources," *see Johnson*, 2 F.3d at 922-23, that is far from the case here.  Plaintiffs have not alleged any "binding" directive from SSA to mechanistically credit or otherwise uphold Dr. Chen's CE reports.  Proceeding with this lawsuit would be a "considerable

waste" not only of this Court's limited resources, but also of those of SSA as it continues to process Plaintiffs' benefits claims at the administrative level.

The strict exhaustion requirements of § 405(g) were intended for circumstances precisely as are presented here.  It would disrupt how Congress intended judicial review of Social Security decisions to function for this Court to assume jurisdiction where there has been no final decision by SSA and where Plaintiffs' benefits claims are the subject of ongoing administrative proceedings, in which Plaintiffs may present the concerns raised in their Complaint and in which SSA has authority to provide the relief sought by Plaintiffs in this lawsuit.  Plaintiffs' failure to completely exhaust their administrative remedies should not be waived.

## II.  PLAINTIFFS' ASSERTION OF A CONSTITUTIONAL CLAIM DOES NOT CONFER SUBJECT MATTER JURISDICTION.

Plaintiffs may argue in their response brief that this Court has jurisdiction because Plaintiffs have asserted, in their Third Cause of Action, a constitutional claim of due process violation.  *See* Compl. ¶¶ 131-35 (asserting that SSA's alleged failures to provide a "complete and thorough" CE, to notify Plaintiffs of Dr. Chen's removal, and to provide copies of CE reports amount to a due process violation).  The Ninth Circuit, following the Supreme Court's decision in *Califano v. Sanders*, 430 U.S. 99 (1977), has recognized a limited exception permitting federal court jurisdiction "'where the . . . denial of a petition to reopen is challenged on constitutional grounds.'"  *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting *Sanders*, 430 U.S. at 109).  The court has stated that this exception "applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."  *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997) (internal citation, quotation marks, and alteration omitted).

To the extent that Plaintiffs seek to shoehorn their Third Cause of Action into this limited exception, the Court should disallow it.  Most fundamentally, Plaintiffs have not identified any decision by SSA "not to reopen a prior, final benefits decision" or any denial of an untimely hearing request.  *Id.* at 1482.  The predicate for the *Sanders* exception is therefore lacking.

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Motion to Dismiss**

*Klemm*, 543 F.3d at 1144.  As a result, the constitutional claim that Plaintiffs seek to advance is not directed at the type of administrative decision by SSA that is eligible for judicial review under the narrow exception identified in *Sanders*, but is instead a more general complaint about SSA's administrative process.

The Ninth Circuit has rightly rejected such efforts to evade § 405(g)'s limitations and to bootstrap federal court jurisdiction merely by alleging a due process violation: "[I]f the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, then every decision of the Secretary would be [judicially] reviewable by the inclusion of the [magic] words 'arbitrary' or 'capricious.'  Every disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review."  *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1993) (internal citations and quotation marks omitted).

As explained above, all of Plaintiffs' claims, including their claim of a due process violation "arise under" the Social Security Act because that statute provides "both the standing and the substantive basis" for them.  *Salfi*, 422 U.S. at 760-61.  The presence of an (asserted) constitutional question does not alter the jurisdictional analysis.  When confronted with a claim that arises under the Act, the Supreme Court has made clear that such a claim is nonetheless subject to the jurisdictional limits of § 405(g), "even though [the Court] recognized that it was *in one sense also* a claim arising under the Constitution."  *Ringer*, 466 U.S. at 615 (emphasis added).  Even when "constitutional arguments are critical to [a plaintiff's] complaint," the claims are nonetheless barred by § 405(h) so long as they arise under the Act.  *Salfi*¸422 U.S. 760-61.

Finally, Plaintiffs may pursue their constitutional claims through SSA's administrative process, and they have therefore not completely exhausted the remedies available to them.  Once they have done so, they may obtain judicial review of any remaining constitutional contentions. *See Ill. Council*, 529 U.S. at 23 (holding that after an action is properly channeled through § 405(g), a court "has adequate authority to resolve any statutory or constitutional contention that the agency does not, or cannot, decide"); *Matthews v. Eldridge*, 424 U.S. 319, 345-46 (1976) (identifying claimant's ability to review the basis for SSA's decision and to submit arguments and evidence in response as an appropriate "safeguard against mistake").

Thus, Plaintiffs' attempt to "transform a garden-variety administrative action into a case of constitutional magnitude" must be rejected. *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006). Their assertion of a purported due process violation is insufficient to confer upon this Court subject matter jurisdiction to hear this case.

## CONCLUSION

For the foregoing reasons this Court lacks subject matter jurisdiction, and Plaintiffs' Complaint must accordingly be dismissed.

Dated:  April 20, 2015.                               Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
JUDRY L. SUBAR
Assistant Director
Federal Programs Branch

_____/s/ Andrew Zee_____
M. ANDREW ZEE (CA Bar #272510)
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Fax: (415) 436-6632
Email: m.andrew.zee@usdoj.gov

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.


<u>      /s/ Andrew Zee      </u>
M. ANDREW ZEE