GERALD A. McINTYRE (SBN 181746)
gmcintyre@justiceinaging.org
JUSTICE IN AGING
3660 Wilshire Blvd., Suite 718
Los Angeles, CA 90010
T: (213) 674-2900 / F: (213) 550-4001

ANNA RICH (SBN 230195)
arich@justiceinaging.org
JUSTICE IN AGING
1330 Broadway, Suite 525
Oakland, CA 94612
T: (510) 663-1055

Attorneys for Plaintiffs
(*Additional Counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN HART, NINA SILVA-COLLINS and LEE HARRIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security, in her official capacity,<br><br>Defendant. | Case No. 3:15-cv-00623-JST<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br><br>Date:    June 25, 2015<br>Time:    2:00 p.m.<br>Dept.:    Courtroom 9, 19th Floor<br>Judge:    Hon. Jon S. Tigar |

WILLIAM L. STERN (SBN 96105)
WStern@mofo.com
CLAUDIA M. VETESI (SBN 233485)
CVetesi@mofo.com
ROBERT T. PETRAGLIA (SBN 264849)
RPetraglia@mofo.com
ELIZABETH BALASSONE (SBN 280563)
EBalassone@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
T: (415) 268-7000 / F: (415) 268-7522

TRINH PHAN (SBN 267288)
tphan@legalaidsmc.org
HOPE NAKAMURA (SBN 126901)
hnakamura@legalaidsmc.org
LEGAL AID SOCIETY OF SAN MATEO COUNTY
330 Twin Dolphin Drive, Suite 123
Redwood City, CA 94065
T: (650) 558-0915 / F: (650) 517-8973

KATHRYN LANG (SBN 204102)
klang@justiceinaging.org
JUSTICE IN AGING
1444 Eye Street NW, Suite 1100
Washington, DC 20005
T: (202) 683-1997 / F: (202) 289-7224

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

STATEMENT OF THE ISSUE TO BE DECIDED ..............................................................iv

I.    INTRODUCTION ......................................................................................................1

II.   STATEMENT OF RELEVANT FACTS ....................................................................2

III.  LEGAL STANDARDS..............................................................................................4

IV.   ARGUMENT .............................................................................................................5

      A.    This Court Has Subject Matter Jurisdiction Pursuant to 42 U.S.C.
            § 405(g). ...........................................................................................................5

            1.    Plaintiffs' Claims Are Collateral to a Claim for Benefits. ........................8

            2.    Exhaustion of Administrative Remedies Would Be Futile. ....................11

            3.    Plaintiffs Have Shown Irreparable Harm Sufficient to Waive
                  Exhaustion...............................................................................................14

      B.    Plaintiffs' Constitutional Claims Are Subject to 42 U.S.C. § 405(g). .................15

V.    CONCLUSION ........................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arago v. Astrue,*
No. C-09-3603 EMC, 2010 WL 1948620 (N.D. Cal. May 13, 2010) .................................... 10

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................................... 4

*Ass'n for L.A. Deputy Sheriffs v. Cnty. of L.A.,*
648 F.3d 986 (9th Cir. 2011) ................................................................. 4

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .............................................................................. 4

*Boettcher v. Secretary of Health & Human Servs.,*
759 F.2d 719 (9th Cir. 1985) ............................................................... 16

*Bowen v. City of New York,*
476 U.S. 467 (1986) ........................................................................ *passim*

*Briggs v. Sullivan,*
886 F.2d 1132 (9th Cir. 1989) .............................................. 6, 11, 14, 16

*CARES, Inc. v. Leavitt,*
No. S-05-2553 FDC-GGH, 2007 WL 2023543 (E.D. Cal. July 11, 2007) ........................... 12

*Hoye v. Sullivan,*
985 F.2d 990 (9th Cir. 1993) .......................................................... 15, 16

*Johnson v. Shalala,*
2 F.3d 918 (9th Cir. 1993) .............................................................. *passim*

*Kildare v. Saenz,*
325 F.3d 1078 (9th Cir. 2003) .................................................. 9, 10, 12

*Korb v. Comm'r of Social Security,*
No. 12-cv-03847 JST, 2013 WL 5288961 (N.D. Cal. Sept. 19, 2013) .............................. 9, 10

*Mathews v. Eldridge,*
424 U.S. 319 (1976) ........................................................................ *passim*

*Maya v. Centex Corp.,*
658 F.3d 1060 (9th Cir. 2011) .............................................................. 4

*Padilla v. Yoo*,
   633 F. Supp. 2d 1005 (N.D. Cal. 2009),
   *reversed on other grounds*, 678 F.3d 748 (9th Cir. 2012) .......................................................... 4

*Roe v. Anderson*,
   134 F.3d 1400 (9th Cir. 1998)................................................................................................. 14

*Shalala v. Ill. Council on Long Term Care, Inc.*,
   529 U.S. 1 (2000) .................................................................................................................... 16

*Situ v. Leavitt*,
   No. C06-2841 TEH, 2006 WL 3734373 (N.D. Cal. Dec. 18, 2006) ........................................ 5

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004)..................................................................................................... 4

**STATUTES**

42 U.S.C. § 405(g) ........................................................................................................... *passim*

**REGULATIONS**

20 C.F.R.
   § 404.1519p............................................................................................................................. 11
   § 404.1527(c) .......................................................................................................................... 13

**RULES**

Fed. R. Civ. P.
   Rule 12 ..................................................................................................................................... 4
   Rule 12(b)(1)................................................................................................................... 4, 5, 10
   Rule 56 ...................................................................................................................................... 5

1

## <u>STATEMENT OF THE ISSUE TO BE DECIDED</u>

Defendant's motion raises the issue of whether this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 42 U.S.C. § 405(g).

## I.      INTRODUCTION

Plaintiffs bring this action to challenge the Social Security Administration's (SSA) practice of relying on the medical reports of Dr. Frank Chen in determining whether or not an individual meets the disability standard to qualify for Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits.  SSA relies on Dr. Chen's reports in spite of the fact that Dr. Chen was disqualified from performing consultative examinations for SSA on the basis of numerous complaints over the course of several years, and his failure to take the required corrective action.  The complaints which gave rise to Dr. Chen's disqualification do not involve mere bureaucratic omissions, but instead raise questions as to the integrity of the disability determination process.  They included cursory examinations, reports of tests that he never performed, failures to note in his report when an individual required an assistive device, and dismissive comments when claimants attempted to describe their symptoms.

Plaintiffs allege violations of the Social Security Act and the U.S. Constitution, through SSA's failure to meet its obligations to base disability determinations on evidence from proper sources, as well as its responsibilities to monitor and ensure the adequacy of the consultative examination process and providers.  Plaintiffs also allege that they were denied procedural due process through SSA's failures to provide a complete and thorough consultative examination by a competent consultative examiner, notification that Dr. Chen had been disqualified, and copies of their consultative examination reports.

Plaintiffs seek declaratory and injunctive relief on behalf of themselves and others similarly situated to reopen disability determinations based, in whole or in part, on a consultative examination report by Dr. Chen and to require that Plaintiffs and class members be provided the opportunity for a new consultative examination.  Plaintiffs also request that SSA be enjoined from relying on consultative exam reports from Dr. Frank Chen to terminate or deny benefits.

The Commissioner contends that this Court does not have subject matter jurisdiction under 42 U.S.C. § 405(g) because Plaintiffs have not exhausted their administrative remedies.  However, the case law is clear that the exhaustion requirement of 42 U.S.C. § 405(g) can be waived by the Commissioner or by the Court based on the existence of three factors.  These

factors—collaterality, futility, and irreparable harm—all support waiver in this case.  Plaintiffs'

straightforward statutory and constitutional law challenges to SSA's failure to reopen adverse

disability determinations that relied on reports by Dr. Chen, as well as its continued reliance on

such reports, are separate and distinct from a claim for SSI and/or SSDI benefits.  Indeed,

Plaintiffs do not seek an award of SSI and/or SSDI benefits in this action.  Plaintiffs should be

allowed to directly challenge SSA's reliance on Dr. Chen's reports without first exhausting the

time-consuming and futile individual administrative review process.

## II.    STATEMENT OF RELEVANT FACTS

Plaintiffs' Complaint presents allegations of serious statutory and constitutional violations

stemming from SSA's reliance on flawed consultative examinations (CEs), performed by a

physician who is now disqualified, in denying or terminating disability benefits.

SSA, in many cases, routinely relies on the reports of consultative examiners when it

makes determinations of whether or not a person meets the stringent disability standard required

to establish eligibility for SSI or SSDI benefits.  For many years, Dr. Chen performed a large

volume of these CEs in San Francisco and surrounding counties.  (Compl. ¶ 5.)  As the

experiences of the Named Plaintiffs and many others who complained about him demonstrate,

Dr. Chen's CE reports contained false statements and were based on cursory examinations and

inadequate communications with the individuals about whose impairments he opined.  (*Id.* ¶¶ 1,

73.)  His examinations were not based on medically acceptable clinical diagnostic techniques, and

sometimes included unauthorized examinations.  (*Id.* ¶ 73.)  Dr. Chen's reports were internally

inconsistent, which ignored diagnoses, findings, and symptoms described in his patients' medical

records.  (*Id.*)  Dr. Chen acted unprofessionally and displayed a lack of attention to claimants

during their brief appointments.  (*Id.*)

Dr. Chen's grossly inadequate performance as a consultative examiner was well known to

SSA.  The Disability Determination Service Division of the California Department of Social

Services (DDSD) sent Dr. Chen two Corrective Action letters identifying continuing deficiencies

of significance in the quality of his CE reports.  (*Id.* ¶¶ 74-75.)  Finally concluding that he had not

made the required changes to provide adequate service and that complaints had continued, DDSD

took the extraordinary step of removing Dr. Chen from the CE panel as of December 30, 2013. (*Id.* ¶ 76.)

But *even after his disqualification*, Dr. Chen's reports are still being treated as competent evidence by SSA.  (*See id.* ¶ 78.)  The Office of Disability Adjudication and Review and courts continue to rely on his reports on appeals of determinations of eligibility for benefits. (*Id.*)  As these reports continued to be used as evidence, neither SSA nor its agents gave Plaintiffs and members of the class any notice of Dr. Chen's disqualification, or the reasons for his removal.  (*Id.* ¶ 77.)  Plaintiffs and members of the class were also never given copies of Dr. Chen's reports and thus never had an opportunity to identify any misstatements of fact in his reports.  (*Id.* ¶ 10.)

The continued use of and reliance on these grievously inadequate CE reports is the basis for Plaintiffs' Complaint, and makes requiring Plaintiffs individually to exhaust the entire administrative process inappropriate.  Plaintiffs allege two causes of action under the Social Security Act and its implementing regulations.  First, Plaintiffs allege that SSA has a policy and practice of improperly relying upon CE reports provided by Dr. Chen.  (*Id.* ¶ 120.)  Second, Plaintiffs allege that SSA's policy and practice of relying upon CE reports provided by Dr. Chen is irreconcilable with Defendant's duty to monitor and ensure the adequacy of the CE process and providers.  (*Id.* ¶ 127.)  Plaintiffs' third cause of action presents a violation of the Fifth Amendment of the U.S. Constitution.  (*Id.* at 22.)  This claim alleges that the procedural due process rights of Plaintiffs and members of the class were violated by Defendant's (1) failure to provide Plaintiffs and class members with a complete and thorough consultative examination by a competent consultative examiner; (2) failure to notify Plaintiffs and class members of the disqualification of Dr. Chen; and (3) failure to provide Plaintiffs and class members with copies of their CE report.  (*Id.* ¶¶ 132-34.)  As a result, Plaintiffs and class members were denied an opportunity for a fair and adequate notice and hearing.  (*Id.* ¶ 135.)

Plaintiffs' Prayer for Relief, in part, requests that the Court:

- Declare that Defendant's policies and practices, as set forth above, violate SSA's obligations pursuant to the Social Security Act, its implementing regulations, and the Due Process Clause of the United States Constitution;

- Preliminarily and permanently enjoin Defendant from relying on consultative exam reports from Dr. Frank Chen to terminate or deny SSI and/or SSDI benefits;

- Preliminarily and permanently enjoin Defendant to reopen all prior determinations terminating or denying SSI and/or SSDI benefits that relied, in whole or in part, on a consultative exam report from Dr. Frank Chen, and to offer Plaintiffs and class members the opportunity for a new consultative examination from a well-qualified clinician;

- Preliminarily and permanently enjoin Defendant to provide notice to individuals whose claims for SSI and/or SSDI benefits were terminated or denied, in whole or in part, based on a CE report from Dr. Frank Chen.

(*Id.* at 23.)  Importantly, Plaintiffs do not request that this Court reinstate or grant SSI and/or SSDI benefits.

## III.   LEGAL STANDARDS

The standards for a motion to dismiss under Federal Rules of Civil Procedure, Rule 12, are well established.  In determining whether a complaint states a claim upon which relief can be granted, the Court must assume that "all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").  From the factual allegations in the complaint, the Court then "draws all reasonable inferences in favor of the plaintiff."  *Ass'n for L.A. Deputy Sheriffs v. Cnty. of L.A.*, 648 F.3d 986, 991 (9th Cir. 2011).  The complaint need only "'state a claim to relief that is plausible on its face,'" alleging no more than the "factual content" necessary that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The issue is whether plaintiffs are "'entitled to offer evidence to support the claims.'"  *Padilla v. Yoo*, 633 F. Supp. 2d 1005, 1019 (N.D. Cal. 2009) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)), *reversed on other grounds*, 678 F.3d 748 (9th Cir. 2012).  At the pleading stage, plaintiffs must merely "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

In reviewing a motion under Rule 12(b)(1) for lack of subject matter jurisdiction, the Court "'must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party.'"  *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  The Court must draw all

1   reasonable inferences from the complaint in the complainant's favor. *Wolfe v. Strankman*,

2   392 F.3d 358, 362 (9th Cir. 2004).[1]

3   **IV.   ARGUMENT**

4          The Commissioner contends that this Court does not have subject matter jurisdiction over

5   Plaintiffs' claims because Plaintiffs must first exhaust their administrative remedies before filing

6   in federal court. (Mot. at 13.) This exhaustion requirement is waivable by the Court, upon

7   consideration of the policies underlying the exhaustion requirement, as well as an application of

8   three factors—collaterality, futility, and irreparable harm. Because Plaintiffs in this case raise

9   straightforward statutory and constitutional law challenges to SSA's reliance on defective

10  consultative examination reports by a disqualified examiner, those challenges are unrelated to the

11  substantive merits of their individual claims for benefits. Therefore, exhaustion of administrative

12  remedies would serve no purpose here. Indeed, requiring Plaintiffs to fully litigate their

13  individual administrative claims prior to filing suit would defeat the purpose of this action.

14  Plaintiffs and class members should not be required to dispute the reliability and veracity of

15  Dr. Chen's CE reports in the individual administrative context when the continued use of those

16  reports violates Defendant's obligations to base disability determinations on evidence from

17  acceptable sources, to monitor and ensure the adequacy of the CE process, and to provide

18  claimants with constitutionally required procedural due process.

19          **A.     This Court Has Subject Matter Jurisdiction Pursuant to 42 U.S.C. § 405(g).**

20          Plaintiffs' Complaint includes claims arising under the Social Security Act, and as such

21  this Court has subject matter jurisdiction under 42 U.S.C. § 405(g). (Compl. ¶ 11.) For the

22  reasons described below, this is exactly the sort of case in which the Court should waive the

23  ───────────────────

24  [1] The Commissioner offers limited extrinsic evidence "not submitted to argue the substantive
    merits of any claim or defense, but rather to supplement the background allegations" contained in
25  the Complaint. (Mot. at 5 n.1.) For the reasons described in Part IV.A.2 *infra*, this evidence does
    not negate the Court's jurisdiction over this matter. But to the extent that this Court does convert
26  the Commissioner's Rule 12(b)(1) motion to a Rule 56 motion, however, the Court "should
    employ the standard applicable to a motion for summary judgment" and Plaintiffs should be
27  given the opportunity to conduct additional discovery before submitting their papers opposing
    summary judgment. *Situ v. Leavitt*, No. C06-2841 TEH, 2006 WL 3734373, at *2 (N.D. Cal.
28  Dec. 18, 2006) (quoting *Rosales v. United States*, 824 F.2d 299, 803 (9th Cir. 1987)).

1    otherwise-applicable exhaustion requirement.

2         The statute provides that an individual may obtain review of SSA's decision in district

3    court after a "final decision" of SSA made after a "hearing."  42 U.S.C. § 405(g).  As the

4    Supreme Court has found, this statute contains two elements.  The first element is presentment—

5    "that a claim for benefits shall have been presented to" SSA.  *Mathews v. Eldridge*, 424 U.S. 319,

6    328 (1976) ("*Eldridge*"); *see also Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993).

7    Presentment is jurisdictional and cannot be waived.  *Eldridge*, 424 U.S. at 328.  The

8    Commissioner does not dispute that Plaintiffs have, by way of their applications for benefits,

9    presented their claims to the Commissioner for jurisdictional purposes.  (Mot. at 13.)

10        The second element is exhaustion: "that the administrative remedies prescribed by the

11   [SSA] be exhausted."  *Eldridge*, 424 U.S. at 328.  Unlike presentment, the exhaustion

12   requirement "is not jurisdictional, and thus, is waivable by either the Secretary or the courts."

13   *Johnson*, 2 F.3d at 921; *see also, e.g.*, *Eldridge*, 424 U.S. at 330; *Bowen v. City of New York*, 476

14   U.S. 467, 482-83 (1986) ("*City of New York*").

15        The Ninth Circuit applies a three-part test to determine whether a court should find

16   judicial waiver of exhaustion:  the claim must be "(1) collateral to a substantive claim of

17   entitlement (collaterality), (2) colorable in its showing that refusal to grant the relief sought will

18   cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose

19   resolution would not serve the purposes of exhaustion (futility)."  *Briggs v. Sullivan*, 886 F.2d

20   1132, 1139 (9th Cir. 1989) (citing *Eldridge*, 424 U.S. at 330) (internal quotations omitted).

21   However, "[t]he ultimate decision of whether to waive exhaustion should not be made solely by

22   mechanical application of the *Eldridge* factors, but should also be guided by the policies

23   underlying the exhaustion requirement."  *City of New York*, 476 U.S. at 484.  These purposes

24   include deference to the agency's "expertise in administering its own regulations" as well as the

25   efficiency of "allow[ing] the agency, if it can, to resolve disputes concerning the entitlement

26   programs it administers."  *Briggs*, 886 F.2d at 1139 (quoting *City of New York*, 476 U.S. at 485).

27        In this case, SSA has had ample time and notice—by now, almost a year and a half since

28   Dr. Chen's final disqualification—to take action to remove these CE reports from its adjudication

of disability benefits.  It has not done so.  Although SSA's own guidelines set forth minimum requirements for CE reports generally (*see* Compl. ¶¶ 86-91, 93), nothing in those rules allows for the removal of inadequate and inappropriate CE reports from claimants' files, or directs ALJs or others to disregard these reports, nor has SSA proffered any evidence showing that it has done so with respect to Dr. Chen's CE reports in particular.  In circumstances like these, requiring Plaintiffs to fulfill every step of the administrative appeals process—despite clear allegations that such process is inadequate in these circumstances—would be unfair and inconsistent with the purpose of the exhaustion requirement.

Well-established law authorizes waiver of exhaustion in cases such as this.  In *Eldridge*, for example, SSA terminated the plaintiff's disability benefits, the plaintiff objected to termination in writing, and while the plaintiff was sent notice of his right to seek reconsideration, he did not seek reconsideration but commenced suit in federal court.  424 U.S. at 324-25, 329. The Supreme Court decided to waive exhaustion due to several factors, including that because plaintiff was challenging SSA's practice of not requiring a hearing before terminating benefits, it would be "unrealistic to expect that the Secretary would consider substantive changes to the administrative review system at the behest of a single aid recipient raising a constitutional challenge in an adjudicatory context."  *Id.* at 330.  Likewise, in *City of New York*, plaintiffs contended that SSA followed a policy of presuming that if a potential recipient's impairment did not fall under a predetermined list of specific impairments, he or she could do unskilled work and was not eligible for Social Security disability benefits.  476 U.S. at 473.  The Supreme Court again found that the circumstances required waiver of exhaustion because claimants alleged that this policy was inconsistent with established regulations.  *Id.* at 485.  "The purposes of exhaustion would not be served by requiring these class members to exhaust their administrative remedies." *Id.* at 484.

While Named Plaintiffs have challenged the adequacy of their particular CE reports from Dr. Chen, they cannot hope to accomplish all that they seek in this suit in the context of their ongoing administrative appeals.  Nor will unnamed putative class members—whose benefits have been denied or terminated due in part or in whole to a Dr. Chen CE report, many of whom may

1    not be represented by counsel at all—receive any protection in the absence of the systemic relief

2    sought here.  Requiring exhaustion in these circumstances would mean that the sufficiency of Dr.

3    Chen's examinations would be litigated anew in every individual case, with no clear notice

4    provided to claimants, ALJs, or others involved in the process, regarding Dr. Chen's inadequacy

5    as a source of medical opinion.  This is particularly important because, as Plaintiffs have alleged,

6    Dr. Chen's written reports contain fraudulent misrepresentations of his examinations, including

7    that he completed diagnostic tests that he did not in fact perform.  (Compl. ¶¶ 31, 45, 62.)  The

8    purposes of exhaustion are not served here.  As described below, when the three *Eldridge* factors

9    for waiver—collaterality, futility, and irreparability—are examined in detail, it is clear that

10   Plaintiffs are entitled to waiver of the exhaustion requirement.

11        **1.       Plaintiffs' Claims Are Collateral to a Claim for Benefits.**

12        Plaintiffs have satisfied the first condition for waiver of exhaustion because this action

13   fundamentally challenges the validity of policies and practices by SSA, not a determination

14   regarding a claim for benefits.  "A plaintiff's claim is collateral if it is not essentially a claim for

15   benefits."  *Johnson*, 2 F.3d at 921.  To support her argument against collaterality, the

16   Commissioner mischaracterizes Plaintiffs' claims as "fundamentally for payment of Social

17   Security benefits[.]"  (Mot. at 11.)  They are not.  Plaintiffs are not asking this Court to award or

18   reinstate their benefits.  Instead, Plaintiffs explicitly allege that SSA's "***policy and practice of***

19   ***relying upon CE reports performed by Dr. Chen,***" which flouts Defendant's legal obligation to

20   base disability determinations on proper evidence and is "irreconcilable with Defendant's duty to

21   monitor and ensure the adequacy of the CE process and providers."  (Compl. ¶¶ 120, 127

22   (emphasis added).)

23        Specifically, Plaintiffs have alleged SSA violates the Social Security Act and its

24   implementing regulations through its systematic reliance on defective CE reports from Dr. Chen.

25   (*E.g.*, *id.* ¶¶ 7-8, 84, 94, 97, 99, 120, 127.)  As Plaintiffs have alleged, the experiences of the

26   Named Plaintiffs were not isolated or unique incidents.  Dr. Chen saw claimants for disability

27   benefits in at least four different clinics over a period of many years.  (*Id.* ¶¶ 72-73.)  The

28   Corrective Action letters sent to Dr. Chen made clear that there were extensive and repeated

1   complaints about the quality of his work.  (*Id.* ¶¶ 74-75.)

2          *City of New York* directs a finding of collaterality here.  In that case, plaintiffs alleged a

3   "systemwide, unrevealed policy that was inconsistent in critically important ways with

4   established regulations."  476 U.S. at 485.  Such a case is "materially distinguishable from one in

5   which a claimant sues in district court, alleging mere deviation from the applicable regulations in

6   his particular administrative proceeding."  *Id.* at 484.  The same is true here:  Plaintiffs challenge

7   SSA's continued reliance on Dr. Chen's CE reports (Compl. ¶¶ 120, 127) in adjudicating

8   disability claims, not merely deviation from its rules as they relate to individual claimants.

9          The Ninth Circuit reached a similar conclusion in *Johnson v. Shalala*, where plaintiffs

10   challenged the Health and Human Services Secretary's policy of treating in-kind loans as income

11   under the SSI program and requested that the Secretary re-adjudicate claims that were denied

12   under the in-kind policy.  2 F.3d at 920.  The Ninth Circuit explained that plaintiffs' claim was

13   collateral because it was not "bound up with the merits" of their claim for benefits:

14          Some claimants will receive benefits they were once denied. For
           others, the readjudication will make no difference. They would not
15          be entitled to benefits under either policy: ***Thus, the plaintiff's
           attack is essentially to the policy itself, not to its application to
16          them, nor to the ultimate substantive determination of their
           benefits. Their challenge to the policy rises and falls on its own,
17          separate from the merits of their claim for benefits***.

18   *Id.* at 921-22 (emphasis added) (citing *Johnson v. Sullivan*, 922 F.2d 346, 353 (7th Cir. 1990)).

19   Plaintiffs' claims here are collateral for the same reason as in *Johnson*:  the relief requested by

20   Plaintiffs ***may or may not*** lead to the reinstatement or receipt of any SSI and/or SSDI benefits.

21          The Commissioner's authorities are easily distinguishable.  In both *Korb* and *Kildare*, the

22   plaintiffs' claims could not be resolved without individualized determinations regarding their

23   claims for benefits.  (Mot. at 16 (citing *Korb v. Comm'r of Social Security*, No. 12-cv-03847 JST,

24   2013 WL 5288961, at *7 (N.D. Cal. Sept. 19, 2013) and *Kildare v. Saenz*, 325 F.3d 1078, 1083

25   (9th Cir. 2003)).)  In *Korb*, this Court declined to waive exhaustion because the plaintiffs' claims

26   "relate directly to their claims for benefits—the amount to which they are entitled, whether those

27   amounts have been paid, and how the amounts have been determined."  *Korb v. Comm'r of Soc.*

28   *Sec.*, No. 12-cv-03847 JST, 2013 WL 5288961, at *7 (N.D. Cal. Sept. 19, 2013).  In *Kildare*, the

1  plaintiffs alleged that SSA, as well as associated regional and state agencies, committed a "host of

2  individual errors in making initial disability determinations that vary with each [claimant],"

3  including (1) failure to properly consider the relationship between a claimant's various

4  disabilities; (2) failure to adequately or completely develop the claimant's medical history; and

5  (3) failure to explain inconsistencies between two medical reports that were admittedly in

6  conflict.  *Kildare v. Saenz*, 325 F.3d 1078, 1081 (9th Cir. 2003).  The Ninth Circuit explained

7  that these claims were "inextricably intertwined" with the plaintiffs' claims for benefits because

8  whether the defendants committed the alleged errors "must be determined in the context of each

9  individual[]'s proceedings before the state agency[.]"  *Id.* at 1083.  Unlike *Korb* and *Kildare*,

10  Plaintiffs' claims here are separate from the merits of their benefits claims and can be resolved

11  without individual review.  By their Complaint, Plaintiffs raise the legality of SSA's reliance

12  upon CE reports provided by Dr. Chen.  Resolution of such questions does not require review of

13  Plaintiffs' claims for SSI and/or SSDI benefits, nor would it determine the merits of those

14  benefits claims.

15       The Commissioner's final contention regarding collaterality flatly contradicts Plaintiffs'

16  allegations that SSA's improper reliance on the CE reports by Dr. Chen violates SSA's legal

17  obligation to base disability determinations on evidence from proper sources.  (Compl. ¶ 120.)

18  As an initial matter, the Commissioner's argument is not properly raised on a Rule 12(b)(1)

19  motion.[2]  Plaintiffs have alleged, and should be granted the opportunity to prove, that Dr. Chen's

---

20  [2] To the extent that the Commissioner's motion to dismiss is based on her assertion that Dr. Chen

21  possessed a valid medical license (*see* Mot. at 12 n.4), this argument ignores the scope and breadth of Plaintiffs' claims regarding improper reliance on Dr. Chen's CE reports. Plaintiffs'

22  allegations range from a failure to conform to proper diagnostic techniques, to inadequate examinations, to bald misstatements of fact or errors in logic in the resulting reports. (Compl.

23  ¶¶ 1, 5-6, 28-32, 42-45, 58-62.) In addition, Plaintiffs allege a history of complaints against Dr. Chen, ultimately leading to his disqualification as a consultative examiner. (*Id.* ¶¶ 73-75.)

24  These allegations suggest that Dr. Chen's CE reports rose to the level of "fraud or similar fault." (*See id.* ¶¶ 103, 104, 107, 111(h)-(i).) The Commissioner's reliance on *Arago v. Astrue* (Mot. at

25  12 n.4) is misplaced: *Arago* raised only a question of the amount of weight to be given to a particular physician's opinion in an individual claim. No. C-09-3603 EMC, 2010 WL 1948620,

26  at *4-5 (N.D. Cal. May 13, 2010). Its holding that a physician's opinion could be considered is inapposite to the issues raised by Plaintiffs' Complaint here.

27      Moreover, even if *Arago* were applicable (which it is not), it would provide no basis to

28  dismiss Plaintiffs' claims. The claimant there complained that the consultative examiner failed to

(Footnote continues on next page.)

1    CE reports are so flawed that they do not constitute acceptable evidence, due to fraud or similar

2    level of fault.  (*See id.* ¶¶ 111(h)-(i).)  The Commissioner's argument also ignores Plaintiffs'

3    second cause of action that SSA's improper reliance on Dr. Chen's reports *also* violates its duty

4    to monitor and ensure the adequacy of the CE process and providers.  (*Id.* ¶ 127.)  More

5    fundamentally, this dispute shows exactly why Plaintiffs' claims are collateral:  Plaintiffs seek to

6    litigate SSA's responsibility and obligations under the Social Security Act and its implementing

7    regulations—and thus raise legal and factual issues that are independent of the outcome of any

8    particular individual's claim for benefits.  Plaintiffs have satisfied the requirement that their

9    claims be collateral.

10              **2.      Exhaustion of Administrative Remedies Would Be Futile.**

11          Plaintiffs have demonstrated the futility of administrative review by showing that

12   exhaustion of administrative remedies "would not serve the policies underlying exhaustion."

13   *Briggs*, 886 F.2d at 1140 (quoting *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

14   "Specifically, courts are empowered to find futility where the claimant demonstrates that 'there is

15   nothing to be gained from permitting the compilation of a detailed factual record, or from agency

16   expertise.'"  *Id.*  The Commissioner claims that allowing Plaintiffs (and, if a class is certified,

17   unnamed class members) to bring their claims in a single lawsuit would "needlessly consume"

18   judicial resources, and that the agency should instead be allowed to correct its own errors solely

19   through the individual administrative review process.  (Mot. at 17.)  This argument ignores the

20   nature and scope of Plaintiffs' claims.  Plaintiffs seek only a declaration that SSA's policy of

21   reliance on the Dr. Chen CE reports is unlawful, together with an injunction prohibiting SSA

22   from applying its unlawful policy.  (Compl. at 23.)

23          As the Ninth Circuit explained in *Briggs*, exhaustion is futile where an action brings a

24

25   (Footnote continued from previous page.)

26   perform a particular diagnostic test (an exercise tolerance test (ETT)), but the court concluded
     that the claimant had misconstrued the regulations and that the ETT was not warranted under the
     circumstances.  *Id.* at *5.  In contrast, Plaintiffs here have sufficiently alleged more fundamental

27   inadequacies showing Dr. Chen's CE reports failed to meet basic standards for acceptable
     evidence.  20 C.F.R. § 404.1519p.

28

1   "straightforward statutory and constitutional challenge" to SSA policy.  886 F.2d at 1140; *see*

2   *also Johnson*, 2 F.3d at 922 ("We do not need a detailed factual record for each claimant to

3   decide such a straightforward statutory challenge.  Nor do we require the benefit of agency

4   expertise because the issue posed by class members is one purely of statutory construction.")

5   (internal quotations and citations omitted).  Since Plaintiffs' Complaint similarly states a

6   straightforward statutory challenge to SSA's reliance on defective CE reports, exhaustion of

7   administrative remedies is futile.

8        In her defense against futility, the Commissioner cites again to case law that is readily

9   distinguishable from the facts and legal challenges raised in this case.  (Mot. at 18.)  In *Kildare*,

10   plaintiffs had alleged that the defendants committed a "host of individual errors" that "***vary with***

11   ***each [plaintiff]***," and therefore "***must*** be determined in the context of individual disability

12   proceedings and require development of individual factual records."  325 F.3d at 1084 (emphasis

13   added).  The Ninth Circuit found that the purposes of exhaustion would not be served by waiver

14   because plaintiffs' "focus is on individual irregularities that allegedly had the effect of denying

15   each of them benefits."  *Id.*  But here, Plaintiffs challenge SSA's systematic reliance on CE

16   reports from a disqualified doctor, not any individualized errors.

17        Relevant case law confirms that administrative exhaustion is futile where such challenges

18   are made to "fundamental agency policies and practices that broadly impact similarly situated

19   [individuals.]"  *CARES, Inc. v. Leavitt*, No. S-05-2553 FDC-GGH, 2007 WL 2023543, at *4

20   (E.D. Cal. July 11, 2007); *see also Johnson*, 2 F.3d at 922.  In *CARES*, plaintiffs brought a class

21   action seeking to enjoin the Secretary of Health and Human Services from certain practices in

22   regard to the Medicare program.  *CARES*, 2007 U.S. Dist. LEXIS 50198, at *1.  The court

23   explained that the policies underlying the exhaustion requirement—deference to agency expertise,

24   detailed factual record development, and conservation of judicial resources—"are not furthered

25   by foregoing immediate judicial consideration of such an issue."  *Id.* at *4.

26        The Commissioner also appears to suggest that if some of the Named Plaintiffs can obtain

27   some portion of their requested relief through the administrative appeals process, then they cannot

28   satisfy the futility requirement.  (Mot. at 17.)  First, the Commissioner correctly notes that, after

1  this lawsuit was filed, Named Plaintiff Kevin Hart was provided with a new CE with an examiner

2  other than Dr. Chen.  (*Id.*)  She also contends that Named Plaintiffs Nina Silva-Collins and Lee

3  Harris could submit some unspecified "evidence and arguments" and that adjudicators of their

4  benefits claims have "authority to grant relief or order supplemental development of the

5  evidentiary record."  (*Id.* at 18.)

6         The Supreme Court rejected this interpretation of the futility requirement in *City of New*

7  *York*:  "Petitioners correctly assert that, had class members exhausted administrative remedies,

8  some might have received benefits despite the illegal policy. . . . Such observations, however, . . .

9  do not aid the Court in deciding when exhaustion should be excused."  476 U.S. at 485-86.  The

10 proper question before this Court is whether a more fully developed factual record, or agency

11 expertise, would assist the Court in deciding whether SSA violated its legal obligations and

12 responsibilities in light of the disqualification of Dr. Chen.  It would not.

13        In fact, recent developments regarding Mr. Hart's benefits claim help illustrate the futility

14 of the administrative review process.  Offering a new CE to Mr. Hart is only ***part*** of the relief

15 requested in the Complaint.  (Compl. at 23.)  The Prayer for Relief also requests that SSA be

16 enjoined from relying on past consultative exam reports from Dr. Chen.  (*Id.*)  The fact that

17 Mr. Hart, or any other Plaintiff, may receive a new CE ***does not*** ensure that the prior CE report

18 from Dr. Chen will be excluded in the decision of whether the claimant is entitled to benefits.  An

19 ALJ could decide, for example, that the new CE report is less consistent with the evidence as a

20 whole, including the improper and misleading CE report by Dr. Chen, and make a determination

21 to deny or terminate benefits on that basis.  *See, e.g.*, 20 C.F.R. § 404.1527(c) ("*How we weigh*

22 *medical opinions.*"); *id.* § 404.1527(c)(4) ("*Consistency.* Generally, the more consistent an

23 opinion is with the record as a whole, the more weight we will give to that opinion.").

24        For Named Plaintiffs Nina Silva-Collins and Lee Harris, the Commissioner's proposition

25 that they should raise their challenges to the reliance on Dr. Chen's reports in "future

26 administrative proceedings" would not provide the full relief they seek.  No individual claimant

27 could succeed in having SSA's policy and practice of relying upon CE reports provided by

28 Dr. Chen enjoined.  *See Johnson*, 2 F.3d at 922-23 (explaining that an individual claimant was

1   unlikely to succeed in having Secretary's policy overturned through the administrative process).

2   As for the putative class members, this proposition also incorrectly assumes that, in order to be

3   able to raise such challenges, each class member has notice that Dr. Chen is now disqualified as

4   well as notice of the full basis for that disqualification—notice that Plaintiffs explicitly allege

5   SSA has failed to provide.  (Compl. ¶ 133.)  Finally, this proposition suggests SSA's ALJs and

6   Appeals Council should resolve these challenges through individualized consideration of each

7   and every CE report written by Dr. Chen that is still in the system.  (Mot. at 18.)  This would

8   certainly result in a considerable waste of judicial and administrative resources, and run contrary

9   to the purposes of the exhaustion requirement.  This case does not alter the need for

10  individualized adjudication of disability appeals because, assuming Plaintiffs succeed in this case,

11  they have still not asked the Court to make any determination regarding their eligibility for

12  benefits.  It would, however, give ALJs and the Appeals Council clear guidance that would

13  increase the efficiency and accuracy with which Named Plaintiffs and class members' claims are

14  adjudicated.  Accordingly, exhaustion of administrative remedies is futile here.

15          **3.      Plaintiffs Have Shown Irreparable Harm Sufficient to Waive**
16          **Exhaustion.**

17          Plaintiffs have met the third *Eldridge* factor by raising "at least a colorable claim" that

18  exhaustion will cause them irreparable injury.  424 U.S. at 331.  Indeed, the Commissioner's

19  motion offers no argument regarding the irreparable harm element to waive exhaustion.

20          According to the Ninth Circuit, even a "colorable showing" of such harm is sufficient to

21  waive exhaustion.  *Briggs*, 886 F.2d at 1140.  A "colorable showing" is merely one that is not

22  "wholly insubstantial, immaterial, or frivolous."  *Johnson*, 2 F.3d at 922; *Briggs*, 886 F.2d at

23  1140.  It is well established that denial of Social Security benefits to particularly vulnerable

24  individuals that leads to loss of food, shelter, or other necessities constitutes irreparable harm.

25  *E.g.*, *Briggs*, 886 F.2d at 1140; *see also Roe v. Anderson*, 134 F.3d 1400, 1404 (9th Cir. 1998)

26  ("Numerous cases have held that reductions in [welfare] benefits, even reductions of a relatively

27  small magnitude, impose irreparable harm on recipient families.").

28          Plaintiffs have made a colorable showing of irreparable harm from the denial or

1   termination of SSI and/or SSDI benefits based on the defective CE reports by Dr. Chen.  In

2   particular, the Named Plaintiffs have alleged facts showing each of them has suffered significant

3   economic hardship from the denial or termination of benefits.  (*E.g.*, Compl. ¶ 37 ("Mr. Hart

4   currently lives with his seventy-eight-year-old mother in San Mateo. . . . He worries about having

5   enough money to meet basic needs like paying rent and buying food, let alone paying for the

6   special shoes and inserts that his doctor has prescribed to take care of his feet.  He struggles to get

7   by with his monthly SSI and SSDI disability benefits, and cannot imagine how he will meet these

8   basic life necessities without it.  That monthly benefit is his only income."); *id.* ¶ 52 ("Ms. Silva-

9   Collins currently lives with her father and survives on CalFresh (food stamps) and $336 a month

10  in General Assistance, much of which she gives to her father in exchange for his support. . . . SSI

11  would allow Ms. Silva-Collins a measure of independence and stability, and a means to afford

12  needed medical supplies (such as heavy-duty menstrual pads) and other life necessities."); *id.*

13  ¶¶ 70-71 ("[Mr. Harris] struggles to get by with his monthly $336 in General Assistance benefits

14  and $189 in food stamps.  He often has to seek financial assistance from his brother and sister to

15  meet basic life necessities.  Receiving SSI benefits would . . . help Mr. Harris meet these basic

16  needs[.]").  )  Plaintiffs have alleged more than sufficient irreparable harm to support waiver of the

17  exhaustion requirement.

18          **B.       Plaintiffs' Constitutional Claims Are Subject to 42 U.S.C. § 405(g).**

19          Because Plaintiffs have met their burden to demonstrate that the Court should waive the

20  ordinary exhaustion requirements, the Commissioner's final argument regarding their

21  constitutional due process claim can be readily dismissed.  In claiming that Defendant has

22  violated the Constitution's requirement of procedural due process, Plaintiffs do not attempt "to

23  evade § 405(g)'s limitations and to bootstrap federal court jurisdiction[.]"  (Mot. at 20.)  The

24  parties agree that in this case, Plaintiffs' constitutional claims are subject to the same three-part

25  test from *Eldridge* to determine whether the Court should find waiver of exhaustion and thus has

26  subject matter jurisdiction under 42 U.S.C. § 405(g): the claims must be "(1) collateral to a

27  substantive claim of entitlement, (2) colorable, and (3) 'one[s] whose resolution would not serve

28  the purposes of exhaustion.'"  *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1993) (citing

1   *Eldridge*, 424 U.S. at 330-32); *see also Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S.

2   1 (2000) (42 U.S.C. § 405(h) "did not 'preclude constitutional challenges,' but simply 'require[d]

3   that they be brought' under the same 'jurisdictional grants' and 'in conformity with the same

4   standards' applicable 'to nonconstitutional claims arising under the Act.'") (internal citations

5   omitted).

6       As with Plaintiffs' claims of statutory violations, Plaintiffs have satisfied the first

7   requirement for waiver of exhaustion because their constitutional claims fundamentally challenge

8   the validity of policies and practices by SSA, not any claim for benefits.  (*See* discussion *supra*

9   Part IV.A.1.)  Those policies and practices include failures to provide complete and thorough

10  consultative examination by a competent consultative examiner, to provide notification of

11  Dr. Chen's disqualification, and to provide CE report copies to Plaintiffs and class members.

12  (Compl. ¶¶ 132-34.)  Determinations regarding the constitutionality of these policies and

13  practices are clearly not "bound up with the merits" of Plaintiffs' claims for benefits.  *Johnson*,

14  2 F.3d at 921-22; *see also Briggs*, 886 F.2d at 1139-40.

15      Plaintiffs raise "colorable" constitutional claims sufficient for waiver of exhaustion.  A

16  constitutional claim is not "colorable" only if it "clearly appears to be immaterial and made solely

17  for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous."  *Boettcher v.*

18  *Secretary of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985) (quoting *Bell v. Hood*,

19  3277 U.S. 678 (1946)).  The Commissioner cites *Hoye* for the unremarkable proposition that the

20  "'mere allegation of a denial of due process'" does not meet the *Eldridge* test.  (Mot. at 20 (citing

21  985 F.2d at 992).)  The plaintiff in *Hoye* brought a substantive due process challenge on the

22  allegation that the ALJ arbitrarily and capriciously dismissed his request for a hearing because the

23  ALJ was biased against his attorney.  985 F.2d at 992.  The Ninth Circuit found that plaintiff's

24  claim was "wholly insubstantial" because he had "failed to allege facts that would indicate bias

25  on the part of the ALJ or that such bias caused the ALJ to 'arbitrarily and capriciously' dismiss

26  his request for a hearing" and because nothing in the record supported his claim.  *Id.*  Here,

27  Plaintiffs have alleged facts that support their procedural due process claims.  The Complaint

28  alleges that claimants and their representatives filed numerous complaints reporting that Dr. Chen

1   had not conducted complete examinations based on medically acceptable clinical diagnostic

2   techniques.  (Comp. ¶ 73.)  It also alleges Dr. Chen did not perform full physical examinations of

3   any of the Named Plaintiffs, nor did their examinations last more than ten to twelve minutes.  (*Id.*

4   ¶¶ 28-29, 42-43, 58-59.)  These facts support Plaintiffs' claim that they did not receive a complete

5   and thorough consultative examination by a competent consultative examiner.  The Complaint

6   further alleges that Plaintiffs and class members were neither notified of Dr. Chen's

7   disqualification, nor provided copies of his reports at the time of their denial or termination.  (*Id.*

8   ¶¶ 10, 34, 48.)  These facts support the constitutional claims raised by Plaintiffs here.

9         Finally, administrative review of these constitutional claims would not serve the purposes

10   of exhaustion because the claims challenge the legality of SSA policies and practices.  Not only

11   will analysis of such policies and practices not be aided by exhaustion, but it is also unreasonable

12   to expect that the Commissioner would take any corrective action in the administrative process.

13   *See Eldridge*, 424 U.S. at 330 (finding it "unrealistic to expect that the Secretary would consider

14   substantial changes in the current administrative review system at the behest of a single aid

15   recipient raising a constitutional challenge in an adjudicatory context").  This case does not

16   interfere with the administrative process, which has not corrected the systematic problems that

17   Plaintiffs have identified and are attempting to address in this litigation.

18         The "intensely practical" application of the exhaustion doctrine, as in *Eldridge*, *City of*

19   *New York*, and *Johnson*, indicates that exhaustion would serve no purpose here.  Since exhaustion

20   should be waived, Plaintiffs satisfy the final decision requirement of 42 U.S.C. § 405(g) and this

21   Court has subject matter jurisdiction over their claims.

22

23

24

25

26

27

28

**V.     CONCLUSION**

      For the foregoing reasons, this Court should deny Defendant's motion to dismiss.

Dated: May 18, 2015               By:   /s/ *William L. Stern*
                                          William L. Stern

                                          MORRISON & FOERSTER LLP
                                          425 Market Street
                                          San Francisco, California  94105-2482
                                          WStern@mofo.com
                                          T: (415) 268-7000

                                          Attorney for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2015, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

/s/ *William L. Stern*
William L. Stern