BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
JUDRY L. SUBAR
Assistant Director
Federal Programs Branch
M. ANDREW ZEE (CA Bar No. 272510)
United States Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Telephone: (415) 436-6646
Fax: (415) 436-6632
Email: m.andrew.zee@usdoj.gov

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN HART, NINA SILVA-COLLINS, and LEE HARRIS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, in her official capacity, <br><br> Defendant. | Case No. 3:15-cv-00623-JST <br><br> **DEFENDANT'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT** <br><br> Hon. Jon S. Tigar |

Defendant, Carolyn W. Colvin, in her official capacity as the Acting Commissioner of Social Security ("SSA"), hereby answers Plaintiffs' Class Action Complaint [ECF No. 1]. Responding to each paragraph of the Complaint paragraph by paragraph, using the same paragraph numbering as Plaintiffs use in their Complaint, Defendant states:

1.      The first and final sentences of this paragraph contain Plaintiffs' characterization of this lawsuit, to which no response is required.  To the extent a response is deemed required, the allegations are denied, except to admit that Dr. Frank Chen was no longer authorized to perform consultative examinations for the California Disability Determination Service (DDS) CE panel as of December 30, 2013.  The remainder of this paragraph is denied.

2.      This paragraph constitutes Plaintiffs' characterization of 42 U.S.C. § 423(d)(1)(A).  SSA respectfully refers the Court to the statute for a full and accurate statement of its contents and otherwise denies the allegations of this paragraph.

3.      This paragraph constitutes Plaintiffs' characterization of 20 C.F.R. §§ 404.1513(a) and 416.913(a).  SSA respectfully refers the Court to the regulations for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

4.      This paragraph contains a legal conclusion to which no response is required.  To the extent a response is deemed required, the allegation is denied.

5.      The allegations of this paragraph are denied, except to admit that Dr. Frank Chen was a provider of consultative examinations in the San Francisco area for a number of years until he was no longer authorized to perform consultative examinations for the California Disability Determination Service (DDS) CE panel as of December 30, 2013.  Except as specifically admitted, the allegations of this paragraph are denied.

6.      The allegations of the first sentence of this paragraph are denied, except to admit that Dr. Frank Chen was no longer authorized to perform consultative examinations for the California Disability Determination Service (DDS) CE panel as of December 30, 2013.  The second sentence is denied, except to admit that reports from Dr. Chen generated prior to December 30, 2013 are treated as reports from acceptable medical sources under governing regulations.  Except as specifically admitted, the allegations of this paragraph are denied.

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

7.      This paragraph contains Plaintiffs' characterization of their claims, to which no response is required.  To the extent a response is deemed required, the allegations are denied.

8.      The first sentence of this paragraph constitutes Plaintiffs' characterization of 42 U.S.C. § 421(j)(3) and 20 C.F.R. §§ 404.1519s(g), 416.919s(g).  SSA respectfully refers the Court to the statute and regulations for a full and accurate statement of their contents and otherwise denies the allegation.  The second sentence of this paragraph contains a legal conclusion to which no response is required.  To the extent a response is deemed required, the allegation is denied.

9.      The allegations of this paragraph are denied.

10.     The first sentence is denied, except to admit that Dr. Frank Chen was no longer authorized to perform consultative examinations for the California Disability Determination Service (DDS) CE panel as of December 30, 2013.  In response to the second sentence, SSA lacks sufficient knowledge or information to form a belief about the truth of this allegation.

11.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is deemed required, the allegation is denied.

12.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA lacks sufficient knowledge or information to form a belief about the truth of this allegation.

13.     To the extent that this paragraph contains allegations regarding Plaintiff Hart's residency, SSA lacks sufficient knowledge or information to form a belief about the truth of this allegation.  The remaining allegations of this paragraph are denied, except to admit that Plaintiff Hart is undergoing a continuing disability review and that Plaintiff Hart was examined by Dr. Frank Chen.   Except as specifically admitted, the allegations of this paragraph are denied.

14.     To the extent that this paragraph contains allegations regarding Plaintiff Silva-Collins's residency, SSA lacks sufficient knowledge or information to form a belief about the truth of this allegation.  Understanding the term "denied" to refer to an administratively final denial of benefits, SSA denies the remaining allegations of this paragraph, except to admit that Plaintiff Silva-Collins received a consultative examination by Dr. Chen, and that her claim was

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

recently remanded by the Appeals Council to an ALJ for further development and further consideration.  Except as specifically admitted, the allegations of this paragraph are denied.

15.     To the extent that this paragraph contains allegations regarding Plaintiff Harris's residency, SSA lacks sufficient knowledge or information to form a belief about the truth of this allegation.  Understanding the term "denied" to refer to an administratively final denial of benefits, SSA denies the remaining allegations of this paragraph, except to admit that Plaintiff Harris filed claims for SSI benefits that were denied in March 2008, February 2009, and June 2013, that he received a consultative examination by Dr. Chen, and that a request for ALJ hearing on his most recent application is pending.  Except as specifically admitted, the allegations of this paragraph are denied.

16.     SSA admits that Carolyn W. Colvin is the Acting Commissioner of Social Security.  The remaining allegations of the first two sentences of this paragraph contain legal conclusions to which no response is required.  To the extent a response is deemed required, the Court is respectfully referred to the relevant legal provisions and otherwise the allegations are denied.  The allegations of the last sentence of this paragraph are Plaintiffs' characterization of their claims to which no response is required.  To the extent a response is deemed required, those allegations are denied.

17.     SSA admits that Plaintiff Hart was fifty years old as of the date Plaintiffs' Complaint was filed.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

18.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

19.     SSA admits that Mr. Hart underwent open reduction internal fixation surgery.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

20.     SSA admits that the quoted language appears in a June 2008 medical report, that this document speaks for itself, and SSA otherwise denies the allegations of this paragraph.

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

4

21.     SSA admits that Mr. Hart underwent a surgical procedure on June 18, 2008.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

22.     SSA admits that certain medical records in Mr. Hart's file include diagnoses of emphysema and hypertension.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

23.     SSA admits that an ALJ issued a decision on April 23, 2010, finding Mr. Hart to be disabled with an Established Onset Date in 2007; found severe impairments of right ankle fracture, emphysema, and high blood pressure; and further found Plaintiff Hart's residual functional capacity was for less than a full range of sedentary work.  Except as specifically admitted, the allegations of this paragraph are denied.

24.     SSA admits that certain medical records in Mr. Hart's file include a diagnosis of polycystic kidney disease.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

25.     SSA admits that certain medical records from 2013 in Mr. Hart's file include notations of a mass on his right foot, mass/nodule plantar to forefoot/midfoot, along medial margin of plantar fascia, polycystic kidney disease, diabetes mellitus, type II, hyperlipidemia and plantar fibromatosis.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

26.     In response to the first sentence of this paragraph, SSA admits that Plaintiff Hart was notified of a continuing disability review.  The second and third sentences contain legal conclusions to which no response is required; SSA respectfully refers the Court to 20 C.F.R. § 404.1594 for a full and accurate statement of its contents.  To the extent a response is deemed required, the second and third sentences are denied.  Except as specifically admitted, the allegations of this paragraph are denied.

27.     Admitted.

28.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

5

29.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

30.     In response to the first sentence, SSA admits that Dr. Chen's consultative examination report of August 15, 2013 identified "Hypertension" and "Intermittent shortness of breath" as Plaintiff Hart's primary complaints.  The remaining allegations of the first sentence are denied.  In response to the second sentence, SSA admits that the quoted language appears in Dr. Chen's consultative examination report.  The remaining allegations of the second sentence are denied.

31.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

32.     SSA admits that the diagnoses and functional capacity assessment sections of Dr. Chen's report do not contain the word "leg."  The allegations of the first sentence are otherwise denied.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations of this paragraph.

33.     The first sentence of this paragraph is admitted.  The second sentence of this paragraph is denied, except to admit that Dr. Chen's report states that Mr. Hart could carry "50 pounds occasionally."  SSA lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations of this paragraph.

34.     The first, third, fourth, and fifth sentences of this paragraph are admitted.  The second sentence of this paragraph is denied, except to admit that Mr. Hart did not receive a copy of Dr. Chen's consultative examination report with the SSA notice dated September 11, 2013.  The sixth sentence of this paragraph is denied, except to admit that SSA did not provide Mr. Hart with written notification of Dr. Chen's removal from the California DDS CE panel.  Except as specially admitted, the allegations of this paragraph are denied.

35.     The first and second sentences of this paragraph are admitted.  In response to the third sentence, SSA admits that the quoted language appears in the Disability Hearing Officer's written determination, that this document speaks for itself, and SSA otherwise denies the allegations of this sentence.

36.     SSA admits that a hearing request was filed on March 25, 2014, and denies that Mr. Hart is still awaiting a hearing.  Except as specially admitted, the allegations of this paragraph are denied.

37.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

38.     SSA admits that Plaintiff Silva-Collins was thirty-eight years old as of the date Plaintiffs' Complaint was filed.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

39.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

40.     In response to the first sentence, SSA admits that Ms. Silva-Collins applied for SSI benefits on or about September 7, 2011, denies that she applied for SSDI benefits on that date, and lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this sentence.  The second, third, and fourth sentences are admitted. The fifth sentence is denied, except to admit that a hearing was held on July 2, 2013, and that a supplemental hearing was held thereafter.  Except as specially admitted, the allegations of this paragraph are denied.

41.     Admitted.

42.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

43.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

44.     In response to the first sentence, SSA admits that in Dr. Chen's consultative examination report, the two quoted items are the two diagnoses that appear under the heading "Diagnoses."  In responses to the second sentence, SSA admits that the diagnoses and functional capacity assessment sections of Dr. Chen's report do not contain the words "menorrhagia" or "anemia."  The allegations of the second sentence are otherwise denied.  Except as specially admitted, the allegations of this paragraph are denied.

45.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

46.     SSA admits that Dr. Chen's report contains statements that Ms. Silva-Collins could stand and walk about six hours in an eight-hour day; could sit for six hours in an eight-hour day; could bend, stoop, and crouch occasionally; and should avoid climbing ladders and scaffolds.  Except as specially admitted, the allegations of this paragraph are denied.

47.     In response to the first sentence, SSA admits that the ALJ held a supplemental hearing on January 8, 2014 and that the ALJ issued an unfavorable decision on January 16, 2014. In response to the second sentence, SSA admits that the ALJ's written decision includes the quoted language and states that the ALJ's written decision speaks for itself, and SSA otherwise denies the allegations.  Except as specially admitted, the allegations of this paragraph are denied.

48.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.   By way of further response, SSA states that Ms. Silva-Collins's representative learned of Dr. Chen's removal from the California DDS CE panel and raised that information to the ALJ by letter dated February 12, 2014 and subsequently to the Appeals Council.

49.     SSA admits that Ms. Silva-Collins's representative sent a letter dated February 12, 2014 to the ALJ asking the ALJ to reconsider the unfavorable decision, and to which was attached a letter from the California DDS indicating that Dr. Chen was removed from the CE panel.  Except as specially admitted, the allegations of this paragraph are denied.

50.     SSA admits that Ms. Silva-Collins filed an appeal to the Appeals Council, and denies that she is awaiting a decision from the Appeals Council.  Except as specially admitted, the allegations of this paragraph are denied.

51.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

52.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

53.     SSA admits that Plaintiff Harris was fifty-four years old as of the date Plaintiffs' Complaint was filed.  SSA admits that certain medical records in Mr. Harris's file show that a CT scan from Mr. Harris's hospital admission in April 2005 indicated multiple transverse process fractures of the thoracic and lumbar spine.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

54.     This allegation is denied, except to admit that Mr. Harris underwent surgery in January 2006 to remove hardware in his right lower extremity.

55.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

56.     The first sentence of this paragraph is admitted.  In response to the second sentence, SSA admits that SSA referred Mr. Harris for a consultative examination, and that Dr. Chen examined Mr. Harris on October 28, 2011.  Except as specifically admitted, the remaining allegations of the second sentence are denied.

57.     The first sentence of this paragraph is admitted.  SSA lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of this paragraph.

58.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

59.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

60.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

61.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

62.     SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

63.     SSA admits that Dr. Chen's report found that Mr. Harris could walk short distances without a cane, that Mr. Harris could sit for six hours, that Mr. Harris could stand and walk for up to six hours in an eight-hour workday, and that Mr. Harris could lift 25 pounds

frequently and 50 pounds occasionally.  Except as specially admitted, the allegations of this paragraph are denied.

64.     Admitted.

65.     SSA admits that the ALJ issued a written decision dated June 4, 2013, and determined that Mr. Harris has the residual functional capacity to perform medium work as defined in 20 C.F.R § 416.967(c), except "although he does not need to use a cane for short distances he may use one for longer distances."  In response to the second and third sentences, SSA admits that the quoted language appears in the ALJ's written decision, that the written decision speaks for itself, and SSA otherwise denies the allegations of these sentences.  Except as specifically admitted, the allegations of this paragraph are denied.

66.     Denied.

67.     In response to the first sentence, SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations.  The second sentence is denied, except to admit that a report from Dr. Emily Cohen contains diagnoses of Mr. Harris for chronic lumbosacral pain, chronic ankle/foot pain, acute left forearm pain, and hypertension.  The third sentence is denied, except to admit that Dr. Cohen's report included conclusions that Mr. Harris could walk and/or stand for about two hours out of an eight-hour work day, and could sit for six hours out of an eight-hour work day.  The fourth sentence is denied, except to admit that Dr. Cohen's report includes a finding that Mr. Harris "can only lift and carry about ten pounds frequently and occasionally."  Except as specially admitted, the allegations of this paragraph are denied.

68.     The first sentence of this paragraph is denied, except to admit that a consultative examination was performed by Dr. Calvin Pon on August 8, 2014.  The second sentence is admitted.  SSA admits that Dr. Pon's report includes diagnoses of chronic low back pain and chronic bilateral heel-foot pain, and states that Dr. Pon's report speaks for itself, and SSA otherwise denies the allegations of the third sentence.   Except as specially admitted, the allegations of this paragraph are denied.

69.     The first, third, fourth, and fifth sentences of this paragraph are admitted.  In response to the second sentence, SSA admits that the initial determination contains the quoted

language, and states that the initial determination speaks for itself, and SSA otherwise denies the allegations of the second sentence.  Except as specially admitted, the allegations of this paragraph are denied.

70.   SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

71.   SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations of this paragraph.

72.   This allegation is denied, except to admit Dr. Chen is a licensed medical doctor who was approved to perform internal medicine consultative examinations by the California DDS, and did perform internal medicine consultative examinations, through specific vendors in various California locations.  Except as specifically admitted, the allegations of this paragraph are denied.

73.   The allegations of this paragraph are denied, except to admit that complaints about Dr. Chen were received by the California DDS from representatives and claimants.  Except as specially admitted, the allegations of this paragraph are denied.

74.   SSA admits that in a letter to Dr. Chen dated September 2, 2011, the California DDS identified four areas of concern (quality of CE reports, thoroughness of examinations, religious comments, and unauthorized neurological examinations).  SSA states that this letter speaks for itself, and SSA otherwise denies the allegations of this paragraph.

75.   SSA admits that in letters to Dr. Chen dated October 14, 2013, the California DDS advised that since its September 2, 2011 letter, it continued to receive complaints regarding the thoroughness of Dr. Chen's examinations, the quality of his CE reports, and his professional behavior.  SSA states that this correspondence speaks for itself, and SSA otherwise denies the allegations of this paragraph.

76.   SSA admits that as of December 30, 2013, the California DDS determined that Dr. Chen was no longer authorized to perform consultative examinations for its DDS CE panel.  SSA further admits that a letter from the California DDS dated December 30, 2013 contains the

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

1     language quoted in this paragraph, and states that this letter speaks for itself.  Except as

2     specifically admitted, the allegations are denied.

3             77.     Denied.

4             78.     SSA admits that as of December 30, 2013, the California DDS determined that

5     Dr. Chen was no longer authorized to perform consultative examinations for its DDS CE panel.

6     SSA further admits that reports from Dr. Chen generated prior to December 30, 2013 are treated

7     as reports from acceptable medical sources under governing regulations.  Except as specifically

8     admitted, the allegations of this paragraph are denied.

9             79.     This paragraph contains Plaintiffs' characterization of the Social Security Act, a

10     legal conclusion to which no response is required.  To the extent a response is deemed required,

11     SSA respectfully refers the Court to the cited statutory provisions for a full and accurate

12     statement of their contents and otherwise denies the allegations of this paragraph.

13             80.     This paragraph constitutes Plaintiffs' characterization of 20 C.F.R.

14     §§ 404.1503(a), a legal conclusion to which no response is required.  To the extent a response is

15     deemed required, SSA respectfully refers the Court to the regulation for a full and accurate

16     statement of its contents and otherwise denies the allegations of this paragraph.

17             81.     This paragraph contains Plaintiffs' characterization of provisions of the Social

18     Security Act, 42 U.S.C. §§ 423(d)(5)(A) and 1382c(a)(3)(D), a legal conclusion to which no

19     response is required.  To the extent a response is deemed required, SSA respectfully refers the

20     Court to the cited statutory provisions for a full and accurate statement of their contents and

21     otherwise denies the allegations of this paragraph.

22             82.     This paragraph contains Plaintiffs' characterization of provisions of the Social

23     Security Act and implementing regulations, 42 U.S.C. § 421(k)(1) and 20 C.F.R. §§ 404.1513(a)

24     and 416.913(a), a legal conclusion to which no response is required.  To the extent a response is

25     deemed required, SSA respectfully refers the Court to the cited statutory and regulatory

26     provisions for a full and accurate statement of their contents and otherwise denies the allegations

27     of this paragraph.

28

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

83.     This allegation is denied, except to admit that the regulations at 20 C.F.R. §§ 404.1517 and 416.917 provide that if the claimant's medical source cannot or will not give the agency sufficient medical evidence about his or her impairments for the agency to determine whether the claimant is disabled or blind, the agency may ask the claimant to have one or more physical or mental examinations or tests, for which the agency will pay.  Except as specifically admitted, the allegation is denied.

84.     Denied.

85.     SSA admits that consultative examinations can be one-time physical or mental examinations performed by medical doctors and certain other specified professionals engaged by the DDSD.  Except as specifically admitted, the allegation is denied.

86.     This paragraph contains Plaintiffs' characterization of certain provisions of the Programs Operating Manual System ("POMS"), a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the cited provisions of the POMS for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

87.     Admitted.

88.     This paragraph contains Plaintiffs' characterization of certain provisions of SSA guidelines concerning CE reports, a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the cited provisions of the guidelines for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

89.     This paragraph contains Plaintiffs' characterization of certain provisions of SSA guidelines concerning CE reports, a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the cited provisions of the guidelines for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

90.     This paragraph contains Plaintiffs' characterization of certain provisions of SSA guidelines concerning CE reports, a legal conclusion to which no response is required.  To the

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

13

extent a response is deemed required, SSA respectfully refers the Court to the cited provisions of the guidelines for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

91.     This paragraph contains Plaintiffs' characterization of certain provisions of SSA guidelines concerning CE reports, a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the cited provisions of the guidelines for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

92.     This paragraph contains Plaintiffs' characterization of certain Social Security regulations, 20 C.F.R. §§ 404.1517-404.1519t and 416.917-416.919t, a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the cited regulatory provisions for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

93.     This paragraph contains Plaintiffs' characterization of certain Social Security regulations, 20 C.F.R. §§ 404.1513(a) and 416.913(a), a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the cited regulatory provisions for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

94.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

95.     This paragraph contains Plaintiffs' characterization of a provision of the Social Security Act, 42 U.S.C. § 421(j)(3), a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the cited statutory provision for a full and accurate statement of its contents and otherwise denies the allegations of this paragraph.

96.     This paragraph contains Plaintiffs' characterization of certain Social Security regulations, 20 C.F.R. §§ 404.1519s(g) and 416.919s(g), a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the

cited regulatory provisions for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

97.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

98.     This paragraph contains Plaintiffs' characterization of certain provisions of the Social Security Hearings, Appeals, and Litigation Law Manual ("HALLEX"), which were added on July 18, 2014, and which allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the cited HALLEX provisions for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

99.     This paragraph contains Plaintiffs' characterization of certain Social Security regulations, 20 C.F.R. §§ 404.1503a, 416.903a, 404.1513(a), and 416.913(a), a legal conclusion to which no response is required.  SSA respectfully refers the Court to the cited regulatory provisions for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

100.    In response to the first sentence, SSA admits that there is no regulation or rule directing SSA to provide applicants whose benefits have been denied or terminated notice that the consultative examiner in their case has been removed from the applicable CE panel.  The remaining allegations of this sentence are denied.   The remainder of this paragraph contains Plaintiffs' characterization of certain provisions of the Social Security HALLEX, which were added on July 18, 2014, and which allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, SSA respectfully refers the Court to the cited HALLEX provisions for a full and accurate statement of their contents and otherwise denies the allegations of this paragraph.

101.    This paragraph contains Plaintiffs' characterization of certain provisions of the Social Security HALLEX, which were added on July 18, 2014, and which allegation constitutes a legal conclusion to which no response is required.  To the extent a response is deemed

1    required, SSA respectfully refers the Court to the cited HALLEX provisions for a full and

2    accurate statement of their contents and otherwise denies the allegations of this paragraph.

3         102.    This paragraph contains Plaintiffs' characterization of a provision of the Social

4    Security Act, 42 U.S.C. § 421(c)(1), a legal conclusion to which no response is required.  To the

5    extent a response is deemed required, SSA respectfully refers the Court to the cited statutory

6    provision for a full and accurate statement of its contents and otherwise denies the allegations of

7    this paragraph.

8         103.    This paragraph contains Plaintiffs' characterization of a Social Security

9    regulation, 20 C.F.R. § 404.988, a legal conclusion to which no response is required.  To the

10   extent a response is deemed required, SSA respectfully refers the Court to the cited regulation for

11   a full and accurate statement of its contents and otherwise denies the allegations of this

12   paragraph.

13        104.    This paragraph contains Plaintiffs' characterization of a Social Security

14   regulation, 20 C.F.R. § 416.1488, a legal conclusion to which no response is required.  To the

15   extent a response is deemed required, SSA respectfully refers the Court to the cited regulation for

16   a full and accurate statement of its contents and otherwise denies the allegations of this

17   paragraph.

18        105.    This paragraph contains Plaintiffs' characterization of certain Social Security

19   regulations, 20 C.F.R. §§ 404.989 and 416.1489, a legal conclusion to which no response is

20   required.  To the extent a response is deemed required, SSA respectfully refers the Court to the

21   cited regulations for a full and accurate statement of their contents and otherwise denies the

22   allegations of this paragraph.

23        106.    This paragraph contains Plaintiffs' characterization of a provision of the POMS, a

24   legal conclusion to which no response is required.  To the extent a response is deemed required,

25   SSA respectfully refers the Court to the cited provision of the POMS for a full and accurate

26   statement of its contents and otherwise denies the allegations of this paragraph.

27        107.    This paragraph contains Plaintiffs' characterization of a provision of the POMS, a

28   legal conclusion to which no response is required.  To the extent a response is deemed required,

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

16

SSA respectfully refers the Court to the cited provision of the POMS for a full and accurate statement of its contents and otherwise denies the allegations of this paragraph.

108.    This paragraph contains Plaintiffs' characterization of their lawsuit to which no response is required.  To the extent a response is deemed required, the allegation is denied.

109.    This paragraph contains Plaintiffs' description of the putative class they seek to represent, to which no response is required.  To the extent a response is deemed required, SSA denies that the putative class described can properly be certified.

110.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

111.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

112.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

113.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

114.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

115.    SSA admits that the named law firms and organizations represent the named Plaintiffs in this case.  SSA lacks sufficient knowledge or information to form a belief about the truth of the allegations concerning the experience of the attorneys in the named law firms and organizations.  The remainder of this paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, and except as specifically admitted, the allegations are denied.

116.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

117.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

118.    This paragraph contains Plaintiffs' re-allegation and incorporation of preceding paragraphs, to which no response is required.  To the extent that a response is deemed required, the responses to those previous paragraphs are incorporated herein by reference.

119.    This paragraph contains Plaintiffs' characterization of certain provisions of the Social Security Act and implementing regulations, a legal conclusion to which no response is required.  SSA respectfully refers the Court to the cited statutory and regulatory provisions for a full and accurate statement of their contents.  To the extent a response is deemed required, the allegation is denied.

120.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

121.    This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

122.    This paragraph contains Plaintiffs' characterization of a provision of the Social Security Act, 42 U.S.C. § 421(c)(1), a legal conclusion to which no response is required.  SSA respectfully refers the Court to the cited statutory provision for a full and accurate statement of its contents.  To the extent a response is deemed required, the allegation is denied.

123.    This paragraph contains Plaintiffs' characterization of certain Social Security regulations, a legal conclusion to which no response is required.  SSA respectfully refers the Court to the cited regulations for a full and accurate statement of their contents.  To the extent a response is deemed required, the allegation is denied.

124.    This paragraph contains Plaintiffs' re-allegation and incorporation of preceding paragraphs, to which no response is required.  To the extent that a response is deemed required, the responses to those previous paragraphs are incorporated herein by reference.

125.    This paragraph contains Plaintiffs' characterization of the Social Security Act, a legal conclusion to which no response is required.  SSA respectfully refers the Court to the cited statutory provisions for a full and accurate statement of their contents.  To the extent a response is deemed required, the allegation is denied.

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

126.     This paragraph contains Plaintiffs' characterization of certain Social Security regulations, 20 C.F.R. §§ 404.1519s(g) and 416.919s(g), a legal conclusion to which no response is required.  SSA respectfully refers the Court to the regulatory provisions for a full and accurate statement of their contents.  To the extent a response is deemed required, the allegation is denied.

127.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

128.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

129.     This paragraph contains Plaintiffs' characterization of a provision of the Social Security Act, 42 U.S.C. § 421(c)(1), a legal conclusion to which no response is required.  SSA respectfully refers the Court to the cited statutory provision for a full and accurate statement of its contents.  To the extent a response is deemed required, the allegation is denied.

130.     This paragraph contains Plaintiffs' characterization of certain Social Security regulations, a legal conclusion to which no response is required.  SSA respectfully refers the Court to the cited regulations for a full and accurate statement of their contents.  To the extent a response is deemed required, the allegation is denied.

131.     This paragraph contains Plaintiffs' re-allegation and incorporation of preceding paragraphs, to which no response is required.  To the extent that a response is deemed required, the responses to those previous paragraphs are incorporated herein by reference.

132.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

133.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

134.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

135.     This paragraph contains legal conclusions to which no response is required.  To the extent that a response is deemed required, the allegations are denied.

The remaining allegations following the unnumbered paragraph beginning with "WHEREFORE" constitute Plaintiffs' requests for relief, to which no response is required.  To the extent a response is deemed required, SSA denies that Plaintiffs are entitled to the requested relief or any other relief.

The section headings used in Plaintiffs' Complaint are Plaintiffs' characterizations of their claims to which no response is required, but to the extent a response is deemed required, those headings are denied.

**DEFENSES**

1.      The Court lacks subject matter jurisdiction to hear the claims in this case.

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      The claims of Plaintiff Harris and those of certain alleged members of the putative class are barred, in whole or in part, by the applicable statute of limitations because more than sixty days have elapsed since a final decision of the SSA Commissioner on those claims.

4.      The claims of Plaintiff Harris that are based on the application for benefits that was decided by the SSA Commissioner in June 2013 are barred from consideration by the Court under the doctrine of res judicata.

5.      SSA asserts that no class should be certified in this action.  SSA further asserts its right to plead and prove any defenses applicable to the claims of any members of the class should one be certified in this action, including, but not limited to, the defense that the claims of any such class member as to whom such a defense applies are barred by an applicable statute of limitations, and the defense that the claims of any such class member as to whom such a defense applies are barred by the litigation in another action of claims or issues raised here under the doctrines of collateral estoppel, res judicata, or both, as may be applicable.

WHEREFORE, SSA hereby denies all allegations in Plaintiffs' Complaint not expressly answered or qualified herein, and respectfully requests that Plaintiffs' Complaint be dismissed.

Dated:  July 31, 2015.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
JUDRY L. SUBAR
Assistant Director

_____/s/ Andrew Zee_____
M. ANDREW ZEE (CA Bar #272510)
Attorney, Federal Programs Branch

*Attorneys for Defendant*

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on the 31st day of July, 2015, I electronically transmitted the

3 foregoing document to the Clerk of Court using the ECF System for filing.

4

5

6                                                            /s/ Andrew Zee
                                                             M. ANDREW ZEE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hart, et al. v. Colvin,* **Case No. 3:15-cv-00623-JST**
**Defendant's Answer to Class Action Complaint**