1  GERALD A. McINTYRE (SBN 181746)
   gmcintyre@justiceinaging.org
2  JUSTICE IN AGING
   3660 Wilshire Blvd., Suite 718
3  Los Angeles, CA 90010
   Telephone: (213) 674-2900 / F: (213) 550-0501
4
   ANNA RICH (SBN 230195)
5  arich@justiceinaging.org
   TRINH PHAN (SBN 267288)
6  tphan@justiceinaging.org
   JUSTICE IN AGING
7  1330 Broadway, Suite 525
   Oakland, CA 94612
8  Telephone: (510) 663-1055
9  Attorneys for Plaintiffs
   *(Additional Counsel listed on next page)*
10
11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
13              SAN FRANCISCO DIVISION
14

| | |
|---|---|
| 15  KEVIN HART, NINA SILVA-COLLINS and LEE HARRIS, on behalf of themselves and all others similarly situated, | Case No.     3:15-cv-00623-JST |
| 16 | **PLAINTIFFS' MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |
| 17              Plaintiffs, | |
| 18      v. | |
| 19  CAROLYN W. COLVIN, Acting Commissioner of Social Security, in her official capacity, | Hearing Date: March 16, 2017 |
| 20              Defendant. | Time:         2:00 p.m.  Judge:         Hon. Jon S. Tigar |
| 21 | Action Filed: February 9, 2015 |

22
23
24
25
26
27
28

1  WILLIAM L. STERN (SBN 96105)
   WStern@mofo.com
2  ROBERT T. PETRAGLIA (SBN
   264849)
3  RPetraglia@mofo.com
   ELIZABETH BALASSONE (SBN
4  280563)
   EBalassone@mofo.com
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California  94105-2482
   T: (415) 268-7000 / F: (415) 268-7522
7
   HOPE NAKAMURA (SBN 126901)
8  hnakamura@legalaidsmc.org
   LEGAL AID SOCIETY OF SAN MATEO
9  COUNTY
   330 Twin Dolphin Drive, Suite 123
10 Redwood City, CA 94065
   T: (650) 558-0915 / F: (650) 517-8973
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

In this action, Plaintiffs challenged the SSA's continuing policy of relying upon consultative examination ("CE") reports prepared by Dr. Frank Chen—a doctor who was removed from the CE panel in part because of his "unprofessional manner and failure to adequately correct deficiencies in his CE reports."  Plaintiffs sought the opportunity for class members to have a fair process in determining disability benefits without tainted evidence from Dr. Chen.  In accordance with that objective, the parties have successfully negotiated a classwide settlement, with the assistance of Magistrate Judge Maria-Elena James, that reflects a comprehensive effort to resolve this matter and afford valuable relief to class members.[1]

Although class notice was not required, the parties agreed to provide notice to the class through publication in five newspapers, and providing notice to organizations likely to come into contact with class members.  No objections to the settlement have been filed or brought to Counsel's attention.

By this motion, the Plaintiffs seek an Order granting final approval of the class action settlement.

## II.    BACKGROUND

The factual and procedural background of this action was set forth in detail in Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, filed on September 19, 2016 (ECF No. 76 at 2-10), and thus will not be repeated here.  The Court granted that motion on November 9, 2016.  (ECF No. 81.)

In that motion, Plaintiffs requested that the class definition be amended to:

> [A]ll persons whose SSI or SSDI benefits were either denied or terminated and for whom a consultative examination was prepared by Dr. Frank Chen, and all persons who received a partially favorable decision or determination on their claim for SSI or SSDI benefits and for whom a consultative examination was prepared by Dr. Chen.

---

[1] A copy of the Class Action Settlement Agreement ("Settlement Agreement") was submitted to the Court as Exhibit A to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement (ECF No. 76-1).

1    (ECF No. 76 at 5.)  The Court approved that modification, agreeing with Plaintiffs that the

2    requested modification is appropriate and does not affect the class's sufficiency under Rule 23

3    (ECF No. 81 at 7.)

4            Next, the Court analyzed the terms of the settlement and concluded that "the proposed

5    benefits to be awarded to the class fall 'within the range of possible approval.'" (*Id.* at 13.)

6            The Court then discussed the notice proposed by the parties through publication in

7    newspapers of general circulation and notice to "several organizations that are likely to interact

8    with class members . . . so that interested parties may object to its reasonableness." (ECF No. 76

9    at 18.)  While class notice was not required, the Court agreed that the parties' proposal was "wise,

10   since class members[] will have to take affirmative action if they desire their claims to be

11   reopened, and will subsequently be notified via the claim form procedure if the settlement

12   agreement is finally approved." (ECF No. 81 at 15.)  The Court ordered publication of the

13   Publication Notice.[2] (*Id.*)

14           Finally, the Court found it "fair and reasonable" to require claim forms—Notice and

15   Request Forms sent to class members—to enable the class members to make a choice as to

16   whether to reopen their claims.  (*Id.* at 16.)  Upon approval of the settlement, the forms will be

17   sent to class members' last known address, will describe their procedural status within the SSA

18   process, apprise them of the opportunity and risks associated with reopening their claims, advise

19   claimants that they can have a representative help with his or her claim and that the claimant may

20   want to speak to that representative before returning the request form, and includes an option to

21   submit a different address.  (ECF No. 76 at 19; ECF No. 76-1, Ex. A.)

22   **III.     THE PUBLICATION NOTICE PROCEDURE HAS BEEN EXECUTED**

23           As explained in the Court's Order granting preliminary approval, courts sometimes

24   dispense with class notice when a settlement involves only injunctive relief.  (*See* ECF No. 81 at

25   15 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011) and *Green v. Am. Express*

26   _____
              [2] The Court ordered the parties to amend one section of the Notice entitled "What Can
27   You Do If You Object To The Settlement Or Have Other Comments?" consistent with the
     Northern District's Procedural Guidance for Class Action Settlements.  (ECF No. 81 at 16.)

28

1    *Co.*, 200 F.R.D. 211, 212-13 (S.D.N.Y. 2001)).)  Because the Court certified the classes here

2    under Rule 23(b)(2) and the settlement involves only injunctive relief, notice is not mandatory.

3    *See Dukes*, 564 U.S. at 362 ("The Rule provides no opportunity for (b)(1) or (b)(2) class members

4    to opt out, and does not even oblige the District Court to afford them notice of the action."); Fed.

5    R. Civ. P. 23(c)(2), (e).

6           Although class notice was not required, the parties agreed to provide notice to the class by

7    publishing notice in five newspapers, and providing notice to organizations likely to come into

8    contact with class members.  (*See* Amended Proposed Settlement Agreement (ECF No. 79-1) ¶

9    V.C, Ex. E.)  The Court ordered publication of this Notice.  (ECF No. 81 at 15.)

10          In accordance with the Court's Order, the parties provided this notice.  (*See* Decl. of Trinh

11   Phan ISO Pltfs Mot. for Final Approval of Class Action Settlement at ¶ 2 (organizations were

12   provided notice on December 19-20, 2016); Decl. of Patricia Raymond at ¶ 2 (notice was

13   published on December 9, 16, 23, 2016).)

14   **IV.     THE PROPOSED SETTLEMENT WARRANTS FINAL APPROVAL**

15          Before approving a class action settlement, a court must determine that the settlement is

16   "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); *In re Online DVD-Rental Antitrust*

17   *Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).  The Ninth Circuit has recognized "the strong judicial

18   policy that favors settlements, particularly where complex class litigation is concerned," *Class*

19   *Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), and "'[i]t is the settlement taken

20   as a whole, rather than the individual component parts, that must be examined for overall

21   fairness,'" *In re Online DVD-Rental*, 779 F.3d at 944 (quoting *Hanlon v. Chrysler Corp.*,

22   150 F.3d 1011, 1026 (9th Cir. 1998)).  To assess the fairness of a settlement, courts look to the

23   eight so-called *Churchill* factors:

24              (1) the strength of the plaintiff's case; (2) the risk, expensive,
                complexity, and likely duration of further litigation; (3) the risk of
25              maintaining class action status throughout the trial; (4) the amount
                offered in settlement; (5) the extent of discovery completed and the
26              stage of the proceedings; (6) the experience and view of counsel;
                (7) the presence of a governmental participant; and (8) the reaction
27              of the class members to the proposed settlement.

28

1  *In re Online DVD-Rental*, 779 F.3d at 944 (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d

2  566, 575 (9th Cir. 2004)).  Here, as explained below, each of the *Churchill* factors weigh in favor

3  of final approval of the settlement.

4        **A.**      **The Settlement Is Fair Relative to the Strength of Plaintiffs' Case.**

5        The first *Churchill* factor—the strength of plaintiff's case—weighs in favor of settlement

6  approval because Plaintiffs achieved their goal of affording class members fair process.  As

7  described by the Court, "[t]he settlement addresses Plaintiffs' central claim by providing that

8  class members will be afforded fair process to determine their eligibility for benefits without

9  consideration of Dr. Chen's reports.  It also allows some class members to preserve Dr. Chen's

10  report in their record by giving them the option of whether to challenge it."  (ECF No. 81 at 14

11  (citing ECF No. 76 at 17).)

12        Ultimate success in this case was not guaranteed.  In assessing the strength of a plaintiff's

13  case, "there is no 'particular formula by which th[e] outcome must be tested.'" *Bellinghausen v.*

14  *Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015) (quoting *Rodriguez v. W. Publ'g*

15  *Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)).  "Rather, the Court's assessment of the likelihood of

16  success is 'nothing more than an amalgam of delicate balancing, gross approximations and rough

17  justice.'" *Id.* (quoting *Rodriguez,* 563 F.3d at 965). While Plaintiffs believe they would

18  ultimately have prevailed had litigation continued, the case raised novel legal issues and the

19  outcome was not assured.  Further, Plaintiffs anticipate that the discovery process would have

20  been protracted and arduous, given the bureaucratic obstacles that plague the disability benefit

21  process in general. There was also a concern that it would be difficult to collect evidence covering

22  the entire class period, which dates back to 2007.

23        Given these challenges, and because the government has agreed to offer the core relief

24  that Plaintiffs sought, the settlement is fair.  Consequently, the first *Churchill* factor supports

25  settlement approval.

26

27

28

PLTFS. MOT. AND MPA ISO MOT. FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. 3:15-cv-00623-JST
sf-3728021

4

**B.      The Settlement Is Preferable to the Risk, Expense, and Complexity of Continued Litigation.**

The second *Churchill* factor—the risk, expense, complexity, and likely duration of further litigation—also weights in favor of settlement approval.  "Generally, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."  *Ching v. Siemens Indus., Inc.*, No. 11-cv-04838-MEJ, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014) (internal quotations omitted).  In this case, immediate relief is incredibly important to the class, especially when compared to risky and costly continued litigation.  *See LaGarde v. Support.com, Inc.*, No. C 12-0609 JSC, 2013 WL 1283325, at *4 (N.D. Cal. Mar. 26, 2013) ("In light of the risks and costs of continued litigation, the immediate rewards to class members are preferable."); *In re HP Laser Printer Litig.*, No. SACV 07-0667 AG (RNBx), 2011 WL 3861703, at *2-3 (C.D. Cal. Aug. 31, 2011) (approving injunctive relief consisting of change to business practices and enhanced disclosures as superior to continued litigation). The class consists of many people who are in dire financial need, and delaying relief serves to compound their injury.

It would have made little sense for plaintiffs to press on when the government was offering to provide relief to class members.  Indeed, the Court agreed "that it would be more expensive and time-consuming for the parties to litigate this case through trial, and that resolution of this action through settlement is appropriate.  Discovery and an eventual trial would surely prolong the wait class members face to obtain relief."  (ECF No. 81 at 13.)

Continued litigation also would have been costly, in terms of both time and money.  *See Ching*, 2014 WL 2926210, at *4 (noting that this Churchill factor looks to "the probable costs, in both time and money, of continued litigation" (citation and internal quotations omitted)).  Also, given the novelty of several legal issues, the losing party would likely have appealed, leading to further expense and delay.  *See Bayat v. Bank of the West*, No. C-13-2376 EMC, 2015 WL 1744342, at *4 (N.D. Cal. April 15, 2015) ("[R]egardless of who prevails on the merits of [a contested issue], the losing party would likely appeal, thus significantly prolonging this litigation and increasing its expense and complexity."); *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-

PLTFS. MOT. AND MPA ISO MOT. FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. 3:15-cv-00623-JST
sf-3728021

5

1    WHO, 2014 WL 3404531, at 84 (N.D. Cal. July 11, 2014) ("Avoiding such unnecessary and

2    unwarranted expenditure of resources and time would benefit all parties, as well as conserve

3    judicial resources."). Consequently, because continued litigation would be risky, costly, complex,

4    and long, the second *Churchill* factor favors settlement approval.

5    **C.    The Risk of Maintaining Class Status Favors Approval of the Settlement.**

6    The third *Churchill* factor—the risk of maintaining class action status throughout the

7    trial—weighs in favor of approving the settlement.  From the outset of this litigation, the

8    government has challenged the ability of Plaintiffs to proceed on a class basis, and would likely

9    seek decertification.  As the Supreme Court has noted, a district court may decertify a class at any

10   time. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147 (1982).

11   **D.    The Settlement Provides Valuable Relief.**

12   The fourth *Churchill* factor—the relief achieved in settlement—"is generally considered

13   the most important." *Bayat*, 2015 WL 1744342, at *4.  The settlement will benefit all class

14   members by affording them fair process in determining disability benefits, without the tainted

15   evidence from Dr. Chen.  (ECF No. 76 at 5-10.)  That relief is provided through procedural

16   mechanisms that vary depending on the status of their claims and the amount of time since their

17   examination by Dr. Chen.  (*Id.*)  The Court agreed that these mechanisms are "rational in this

18   instance" because they are "most appropriate for each sub-group based on procedural posture"

19   and reflect a "reasonable compromise."  (ECF No. 81 at 14.)

20   The Settlement Agreement also provides class members, and the larger public, with

21   additional relief by requiring Defendant to investigate methods of improving the monitoring of

22   CEs.  (ECF No. 76 at 9-10.)  Moreover, the Settlement Agreement requires Defendant to provide

23   notice to adjudicators when a CE provider has been disqualified for reasons pertaining to the

24   quality of their work.  (*Id.*)  These provisions benefit class members who receive benefits and will

25   face a continuing disability review ("CDR"), as well as class members who do not receive

26   disability benefits, should they bring subsequent applications and again be referred to a CE.  (*Id.*)

27

28

1

2

### E.     The Parties Had Sufficient Information to Reach the Settlement and Experienced Counsel Recommend the Settlement.

3

The settlement was reached after careful consideration of the facts by counsel, who are

4 experienced in class action and public benefits law.  The parties had seven-in person settlement

5 conferences with Magistrate Judge Maria-Elena James, as well as numerous additional in-person

6 meetings, email, and telephone exchanges.  (ECF No. 76 at 1, 14.)  Even though formal discovery

7 had not yet issued, the Court acknowledged that the parties "exchanged some documents and

8 information 'that allowed the parties to draft and refine the terms of the Settlement Agreement,'

9 and Plaintiffs' own investigation resulted in useful documents that were included in the SSA's

10 prior filings." (ECF No. 81 at 13.)  The Court also agreed "that counsel for both Plaintiffs and

11 Defendants are experienced and competent." (*Id.*)

12

### F.     Defendant Is a Government Participant.

13

Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is charged by

14 federal law with administering and supervising all benefit programs administered by SSA

15 nationwide, including SSI and SSDI.  (Compl. ¶ 16.)  The Court agreed that her participation in

16 the settlement weighs in favor of approval.  (ECF No. 81 at 13-14.)

17

### G.     Reaction of Class Members.

18

The final *Churchill* factor—the reaction of class members—likewise supports final

19 approval of the settlement.  To date, Counsel is unaware of any objections to the settlement, and

20 the lack of any objection from any class member in a class of this size shows an overall

21 exceptionally positive reaction by the class so far, which supports final approval.

22 ## V.     CONCLUSION

23

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion

24 for final approval of the settlement.

25

26

27

28

PLTFS. MOT. AND MPA ISO MOT. FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. 3:15-cv-00623-JST
sf-3728021

7

1

Dated: January 9, 2017

WILLIAM L. STERN
ROBERT T. PETRAGLIA
ELIZABETH BALASSONE
MORRISON & FOERSTER LLP

2

3

4

By: */s/ William L. Stern*
           WILLIAM L. STERN

5

6

Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2017, I electronically transmitted the foregoing

document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice

of Electronic Filing to the CM/ECF registrants.


*/s/ William L. Stern*
William L. Stern

PLTFS. MOT. AND MPA ISO MOT. FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. 3:15-cv-00623-JST
sf-3728021

9