UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN HART, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 15-cv-00623-JST<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: ECF No. 82 |

Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement. ECF No. 82. The Court previously granted a motion for preliminary approval of the agreement, ECF No. 81, and held a Final Approval Hearing on March 16, 2017. The Court will grant the motion.

## I. BACKGROUND

### A. The Parties and Claims

This case is a putative class action against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, involving the evidence used by Administrative Law Judges ("ALJs") in deciding whether individuals are entitled to receive disability benefits. The evidence ALJs consider when making a disability benefits determination includes consultative evaluations ("CEs") performed by medical professionals under the guidelines provided by the Social Security Administration ("SSA"). SSA regulations require adjudicators to "always consider" CE reports along with the other evidence when making a disability determination. 20 C.F.R. §§ 404.1527(b), 416.927(b). The SSA contracts with state agencies, including the Disability Determination Service Division of the California Department of Social Services (DDSD) to make disability determinations. ECF No. 36 at 2.

One of the evaluators was Dr. Frank Chen. After receiving complaints that Dr. Chen's

reports were of low quality, and sometimes included results of tests that he never actually performed, the DDSD disqualified him from providing CEs, citing Dr. Chen's "unprofessional manner and failure to adequately correct deficiencies in his CE reports." Id. at 4. Plaintiffs were not given notice that Dr. Chen had been disqualified, even though the SSA relied on his reports in deciding to deny their applications for disability benefits. Plaintiffs commenced this lawsuit, asking the Court to grant declaratory and injunctive relief. ECF No. 1 at 23-24.

### B. Procedural History

Plaintiffs filed their Complaint on February 9, 2015. ECF No. 1. After the SSA's motion to dismiss was denied, ECF No. 36, it answered the Complaint on July 31, 2015, ECF No. 38. Plaintiffs then filed a motion for class certification, ECF No. 40, which the Court granted on October 14, 2015, ECF No. 50.

Settlement negotiations began in November 2015 before Magistrate Judge Maria-Elena James. See ECF Nos. 44-45. On September 19, 2016, the parties reached an agreement and Plaintiffs filed an unopposed motion for preliminary approval of class action settlement agreement. ECF No. 76. The Court granted a motion for preliminary approval on November 9, 2016, concluding that "the proposed benefits to be awarded to the class [fell] 'within the range of possible approval,'" and that it otherwise met the criteria for approval. ECF No. 81 at 13-14. The Court found that the settlement agreement was appropriate in light of the risk and expense of litigation, the negotiations were non-collusive, there was a government participant, and the settlement contained no obvious deficiencies or preferential treatment to any class member. Id. at 13-14.

Because the class was certified under Federal Rule of Civil Procedure 23(b)(2) and the settlement provides only injunctive relief, the Court was not obliged to require the parties to provide notice of the settlement to the class. Id. at 14-15 (citing Wal-Mart Stores, Inc. v. Duke, 564 U.S. 338, 362 (2011); Green v. Am. Express Co., 200 F.R.D. 211, 212-13 (S.D.N.Y. 2001)). Nonetheless, the parties proposed and the Court ordered that notice be given, "since class members' will have to take affirmative action if they desire their claims to be reopened, and will subsequently be notified via the claim form procedure if the settlement agreement is finally

2

1    approved." Id. at 15.  The Court ordered Defendant to publish a Publication Notice in newspapers

2    of general circulation[1] and Plaintiffs' counsel to disseminate the notice to "several organizations

3    that are likely to interact with class members."  Id.  Individual notice was not required because

4    "class members are not afforded an opportunity to opt out."  Id.

5      Plaintiffs now bring this unopposed motion for final approval of the class action settlement

6    agreement.  ECF No. 82.

**II. LEGAL STANDARD**

  The Ninth Circuit has a "strong judicial policy" favoring the settlement of class actions.
Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).  Rule 23(e) "requires the
district court to determine whether a proposed settlement is fundamentally fair, adequate, and
reasonable."  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).  The proposed
settlement need not be ideal, but it must be fair and free of collusion, consistent with counsel's
fiduciary obligations to the class.  Id. at 1027.  In assessing a settlement agreement, a court must
weigh:

> [T]he strength of the plaintiffs' case; the risk, expense, complexity, and likely
> duration of further litigation; the risk of maintaining class action status throughout
> the trial; the amount offered in settlement; the extent of discovery completed and
> the stage of the proceedings; the experience and views of counsel; the presence of a
> governmental participant; and the reaction of the class members to the proposed
> settlement.

Id. at 1026.  The court need not consider all of these factors, and may consider others.  In re
Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011).

**III. DISCUSSION**

  **A. Notice Publication**

  When a class is certified under Rule 23(b), courts typically do not require the parties to
notify the class.  Jamba Juice Co., 2015 WL 1248027, at *8.  Moreover, when a settlement

---

[1] In its preliminary approval of the settlement agreement, the Court initially ordered that the notice be published in three newspapers of general circulation. ECF No. 81 at 15. On November 8, 2016, the Defendant filed an unopposed Amendment to the Settlement agreement, specifying five newspapers in which the SSA would publish the notice: San Francisco Chronicle, San Francisco Examiner, San Luis Obispo Tribune, Monterey Herald, and Santa Cruz Sentinel. ECF No. 79 at 3.

1 provides only injunctive relief, as is the case here, notice "is not uniformly required." Green v.
2 Am. Express Co., 200 F.R.D. 211, 212-13 (S.D.N.Y. 2001).  In its preliminary approval of the
3 settlement agreement, however, the Court found that publication of notice would nonetheless be
4 wise, and ordered notice to be published in newspapers of general circulation and organizations
5 likely to come in contact with class members.  ECF No. 81 at 15.

6      The parties have complied with the publication requirement.  Defendant published notice
7 of the settlement in five newspapers and Plaintiffs' counsel disseminated the notice to a number of
8 organizations' publications within the time limits established by the Court.  See ECF No. 82-1
9 (Decl. of Trinh Phan), 82-2 (Decl. of Patricia Raymond).  The Court finds that the class notice
10 plan was implemented properly.

### B.   Fairness, Adequacy, and Reasonableness of the Settlement

12      The Court previously found that the settlement agreement fell within the range of possible
13 approval, with no obvious deficiencies, no preferential treatment to any class member, and
14 resulting from non-collusive negotiations led by experienced and competent counsel.  ECF No. 81
15 at 13-14.  No objections to the settlement have been filed or brought to the parties' or the Court's
16 attention.  ECF No. 82 at 3.  Defendant has no objection to final approval of the settlement
17 agreement.  ECF No. 83 at 2.  The Court incorporates here its reasons for granting preliminary
18 approval of the settlement, and finds that the settlement is fair, adequate, and reasonable within the
19 meaning of Rule 23(e).

### C.   Claim Form Procedure

21      The proposed settlement agreement provides that upon final approval of the agreement, the
22 parties will send "Request Forms" to individual class members describing the member's
23 procedural status with the SSA, informing them of the risks of reopening their claims, informing
24 them that they can have a representative assist them with their claim, and providing an option to
25 submit a different address.  ECF No. 81 at 15; ECF No. 76 at 24-25.  The forms shall be sent to
26 the class members' last known address in accordance with the terms of the agreement.  See ECF
27 No. 76 at 24-25.

**CONCLUSION**

The Court finds the settlement agreement fair, adequate, and reasonable and GRANTS Plaintiffs motion for final approval of the settlement.

The parties shall distribute the Request Forms by May 19, 2017.

Defendant will pay $490,000 in attorneys' fees and costs to Plaintiffs' counsel Justice in Aging and Legal Aid Society of San Mateo County.  The Court finds that this award is fair and reasonable in light of the nature of this Action, counsel's experience and efforts in prosecuting and resolving this action, and the benefits obtained for the Class.  Plaintiffs' co-counsel, Morrison & Foerster, has agreed to waive its fees and costs.

The Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class members, and Defendants for the purposes of supervising the implementation, enforcement, and construction of the Settlement and this Judgment.

IT IS SO ORDERED.

Dated: April 17, 2017

_____
JON S. TIGAR
United States District Judge