1    GERALD A. McINTYRE (SBN 181746)            CHAD A. READLER
2    gmcintyre@justiceinaging.org               Acting Assistant Attorney General
     JUSTICE IN AGING                           JUDRY L. SUBAR
3    3660 Wilshire Blvd., Suite 718             Assistant Director
     Los Angeles, CA 90010                      Federal Programs Branch
4    T: (213) 674-2900 / F: (213) 550-0501      M. ANDREW ZEE (CA Bar No. 272510)
                                                United States Department of Justice
5                                               Civil Division, Federal Programs Branch
     ANNA RICH (SBN 230195)                     450 Golden Gate Avenue, Room 7-5395
6    arich@justiceinaging.org                   San Francisco, CA 94102
     TRINH PHAN (SBN 267288)                    T: (415) 436-6646 / F: (415) 436-6632
7    tphan@justiceinaging.org                   Email: m.andrew.zee@usdoj.gov
8    JUSTICE IN AGING
     1330 Broadway, Suite 525
9    Oakland, CA 94612                          Attorneys for Defendant
     T: (510) 663-1055 / F: (213) 550-0501
10

11   Attorneys for Plaintiffs
     *(Additional Counsel listed on next page)*
12

13                    **UNITED STATES DISTRICT COURT**
                    **NORTHERN DISTRICT OF CALIFORNIA**
14                     **SAN FRANCISCO DIVISION**

15

16   KEVIN HART, NINA SILVA-COLLINS,           )
     and LEE HARRIS, on behalf of themselves   )
17   and all others similarly situated,        )
                                               )
18              Plaintiffs,                    )  Case No. 3:15-cv-00623-JST
                                               )
19         v.                                  )  **STIPULATED REQUEST TO AMEND**
20                                             )  **ORDER GRANTING FINAL APPROVAL**
                                               )  **OF CLASS ACTION SETTLEMENT AND**
21   NANCY A. BERRYHILL, Acting                )  **[PROPOSED] ORDER**
     Commissioner of Social Security, in her   )
22   official capacity,                        )
                                               )  Hon. Jon S. Tigar
23              Defendant.                     )
                                               )
24                                             )
                                               )
25                                             )
                                               )
26                                             )
                                               )
27                                             )
                                               )
28   _____      )


     *Hart, et al. v. Berryhill,* **Case No. 3:15-cv-00623-JST**
     **Stipulated Request to Amend Order Granting Final Approval**

1 WILLIAM L. STERN (SBN 96105)
WStern@mofo.com
2 CLAUDIA M. VETESI (SBN 233485)
CVetesi@mofo.com
3 ROBERT T. PETRAGLIA (SBN 264849)
RPetraglia@mofo.com
4 ELIZABETH BALASSONE (SBN 280563)
EBalassone@mofo.com
5
6 MORRISON & FOERSTER LLP
425 Market Street
7 San Francisco, California  94105-2482
T: (415) 268-7000 / F: (415) 268-7522
8

9 HOPE NAKAMURA (SBN 126901)
hnakamura@legalaidsmc.org
10 LEGAL AID SOCIETY OF SAN MATEO COUNTY
330 Twin Dolphin Drive, Suite 123
11 Redwood City, CA 94065
T: (650) 558-0915 / F: (650) 517-8973
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hart, et al. v. Berryhill,* **Case No. 3:15-cv-00623-JST**
**Stipulated Request to Amend Order Granting Final Approval**

1  Plaintiffs, Kevin Hart, Nina Silva-Collins, and Lee Harris, on behalf of themselves and all

2  others similarly situated, and Defendant, Nancy A. Berryhill, Acting Commissioner of Social

3  Security, sued solely in her official capacity ("SSA"), submit this Stipulated Request to Amend

4  the Court's April 17, 2017 Order Granting Final Approval of Class Action Settlement ("Order")

5  [ECF No. 88] to comport with the terms of the parties' Amended Settlement Agreement

6  ("Agreement") [ECF No. 79-1].  The April 17, 2017 Order differs from the Agreement in the

7  following four material respects.  First, on page 1, line 19, the Order recites that the case involves

8  "evidence used by Administrative Law Judges ('ALJs')," but the case involved adjudications at

9  all levels, not just at the ALJ stage, so Plaintiff would request that "Administrative Law Judges

10 ('ALJs')" be replaced with "Social Security Administration ('SSA')"; and at page 1, line 20-21,

11 instead of saying "The evidence ALJs consider when making a disability benefits determination

12 includes consultative evaluations,"  this should be re[placed with "The evidence the agency

13 considers when making a disability benefits determination often includes consultative evaluations

14 … . "  Second, the Order sets the date for mailing Request Forms as May 19, 2017, but under the

15 Agreement that the Court was approving, the deadline for mailing the Request Forms is later,

16 namely, ninety days (for most forms) and twenty days (for another form) after the time for any

17 appeals from the approval order has elapsed.  Third, the Order contains language that might create

18 confusion concerning the enforcement mechanism negotiated and agreed upon by the parties.

19 Fourth, the parties had requested that the Court grant final approval to the amended class

20 definition, which was omitted from the Court's Order Granting Final Approval.  Respectfully,

21 therefore, the parties request that the Court amend its April 17, 2017 Order in the manner

22 described below.  Alternatively, the parties request that the Court withdraw the Order and enter

23 the Amended Proposed Order [ECF No. 85-1] that the parties submitted on March 1, 2017 in

24 connection with Plaintiffs' Motion for Final Approval.

25  **Request for Amendment of the Order**

26  The Conclusion of the Order provides as follows:

27

  **CONCLUSION**
28

*Hart, et al. v. Berryhill,* **Case No. 3:15-cv-00623-JST**
**Stipulated Request to Amend Order Granting Final Approval**                                    1

The Court finds the settlement agreement fair, adequate, and reasonable and GRANTS Plaintiffs motion for final approval of the settlement.

The parties shall distribute the Request Forms by May 19, 2017.

Defendant will pay $490,000 in attorneys' fees and costs to Plaintiffs' counsel Justice in Aging and Legal Aid Society of San Mateo County. The Court finds that this award is fair and reasonable in light of the nature of this Action, counsel's experience and efforts in prosecuting and resolving this action, and the benefits obtained for the Class. Plaintiffs' co-counsel, Morrison & Foerster, has agreed to waive its fees and costs.

The Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class members, and Defendants for the purposes of supervising the implementation, enforcement, and construction of the Settlement and this Judgment.

Order 5.  The parties request that the Order be amended to remove the second and fourth paragraphs of this Conclusion, and to include a term that the parties had requested that the Court include.

*Second Paragraph*: In the Agreement, the parties did not establish a date certain (such as May 19, 2017) by which SSA would send claimants the agreed-upon notices and claim forms (referred to by the Court as "Request Forms" in the Order).  Instead, the deadline to send such forms is to be established in relation to the "date on which the Settlement becomes effective." *See* Agreement 18, 20, 27, 28, 31 (providing that SSA will send Notices A, A2, B, and B2 within ninety days after the effective date and Notice C within twenty days after the effective date). Pursuant to the agreed definition, the "date on which the Settlement becomes effective" will not be known until either (1) any timely appeal of the approval order is resolved; or (2) no timely appeal is filed.  Agreement 4 (defining "date on which the Settlement becomes effective").  A May 19, 2017 deadline to distribute the Request Forms is therefore at odds with the terms of the Agreement.  Further, counsel have been informed that SSA is not in a position to meet a May 19, 2017 deadline (which would in any event come before the deadline for an appeal from the April 17, 2017 Order).  Therefore, the parties respectfully request that the second paragraph of the Conclusion be stricken.  Otherwise, the parties will be in the difficult position of having an Order

granting final approval of a Settlement Agreement that deviates from the negotiated terms of the Settlement Agreement (and which, as a practical matter, cannot be performed).

*Fourth Paragraph*: In the Agreement, the parties identified specific pre-dispute resolution procedures in an Enforcement provision. Agreement 33-35. Without noting the Enforcement provision, the April 17, 2017 Order states that the Court "reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class members, and Defendants for the purposes of supervising the implementation, enforcement, and construction of the Settlement and this Judgment." Order 5. In the Agreement, however, the parties agreed to an "exclusive process for remedying alleged violations of this Agreement." Agreement 33. The parties "further agree[d] that no other litigation action in the Case, including but not limited to the filing of any motions or pleadings, may be taken except as set forth in this Section VI [concerning Enforcement]." *Id.* In order to avoid potential confusion from the language in the Order (which does not expressly reference the Enforcement provision), the parties respectfully request that the fourth paragraph of the Conclusion be stricken.[1]

*Final Approval of Amended Class Definition*: In the Agreement, the parties agreed, for settlement purposes, to amend the definition of the class and to request that the Court amend the certified class so that the plaintiff class is defined as consisting of "all persons whose SSI or SSDI benefits were either denied or terminated and for whom a consultative examination was prepared by Dr. Frank Chen, and all persons who received a partially favorable decision or determination on their claim for SSI or SSDI benefits and for whom a consultative examination was prepared by Dr. Chen." Agreement 6-7. Although the Court preliminarily approved this modification of the class definition, *see* Order Granting Mot. for Prelim. Approval, ECF No. 81, at 6-7, it did not expressly grant final approval to this modification. To ensure that proper notice is given of the

---

[1] It appears that the fourth paragraph of the Conclusion may have been drawn from the original proposed order submitted by Plaintiffs in connection with their Motion for Final Approval. *See* Proposed Order, ECF No. 82-3, at 5, ¶ 10 (using same language as fourth paragraph of the Conclusion). Following submission of this proposed order, SSA registered its objections to this language with Plaintiffs' counsel, and the parties then agreed to submit an Amended Proposed Order, in which this language does not appear. *See* Notice of Am. Proposed Order, ECF No. 85-1; *see also* Def.'s Mem. Supp. Final Approval, ECF No. 83, at 1 n.2.

amended class definition, and out of an abundance of caution, the parties respectfully request that the Court add a new paragraph to the Conclusion granting final approval to the amended class definition. *See also* Notice of Am. Proposed Order, ECF No. 85-1, at 1-2, ¶ 5.

* * *

In summary, the parties respectfully request that the Court amend page 1, line 19 to replace "Administrative Law Judges ('ALJs')" with "Social Security Administration ('SSA')"; and at page 1, line 20-21,  instead of saying "The evidence ALJs consider when making a disability benefits determination includes consultative evaluations," this should be replaced with "The evidence the agency considers when making a disability benefits determination often includes consultative evaluations … . "  The Conclusion of the Order should be amended so that it provides as follows:

### CONCLUSION

The Court finds the settlement agreement fair, adequate, and reasonable and GRANTS Plaintiffs motion for final approval of the settlement.

This Court gives its final approval of the Settlement to the amended class definition as approved in its Order Granting Motion for Preliminary Approval of Class Action Settlement:

> [A]ll persons whose SSI or SSDI benefits were either denied or terminated and for whom a consultative examination was prepared by Dr. Frank Chen, and all persons who received a partially favorable decision or determination on their claim for SSI or SSDI benefits and for whom a consultative examination was prepared by Dr. Chen.

(ECF No. 81 at 6-7.)

Defendant will pay $490,000 in attorneys' fees and costs to Plaintiffs' counsel Justice in Aging and Legal Aid Society of San Mateo County. The Court finds that this award is fair and reasonable in light of the nature of this Action, counsel's experience and efforts in prosecuting and resolving this action, and the benefits obtained for the Class. Plaintiffs' co-counsel, Morrison & Foerster, has agreed to waive its fees and costs.

Alternatively, the parties request that the Court withdraw the Order in its entirety and enter the Amended Proposed Order [ECF No. 85-1] that the parties submitted on March 1, 2017 in connection with Plaintiffs' Motion for Final Approval.  A proposed order is attached.

Dated: April 21, 2017

WILLIAM L. STERN
CLAUDIA M. VETESI
ROBERT T. PETRAGLIA
ELIZABETH BALASSONE
MORRISON & FOERSTER LLP


By: */s/ William L. Stern*
      WILLIAM L. STERN

Attorney for Plaintiffs

Dated: April 21, 2017

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION

CHAD A. READLER
Acting Assistant Attorney General
JUDRY L. SUBAR
Assistant Director
M. ANDREW ZEE (CA Bar # 272510)
Attorney


By: */s/ Andrew Zee*
      M. ANDREW ZEE

Attorneys for Defendant

# [~~PROPOSED~~] ORDER

Upon stipulation of the parties, and good cause appearing, the Court hereby orders that:

The Court's April 17, 2017 Order Granting Final Approval of Class Action Settlement is amended by

Replacing, at page 1, line 19, "Administrative Law Judges ('ALJs')" with "Social Security Administration ('SSA')";

Replacing, at page 1, line 20-21, "The evidence ALJs consider when making a disability benefits determination includes consultative evaluations," with "The evidence the agency considers when making a disability benefits determination often includes consultative evaluations,"; and

Striking the Conclusion section appearing at lines 2 through 12 of page 5, and replacing it with the following text:

## CONCLUSION

The Court finds the settlement agreement fair, adequate, and reasonable and GRANTS Plaintiffs motion for final approval of the settlement.

This Court gives its final approval of the Settlement to the amended class definition as approved in its Order Granting Motion for Preliminary Approval of Class Action Settlement:

> [A]ll persons whose SSI or SSDI benefits were either denied or terminated and for whom a consultative examination was prepared by Dr. Frank Chen, and all persons who received a partially favorable decision or determination on their claim for SSI or SSDI benefits and for whom a consultative examination was prepared by Dr. Chen.

(ECF No. 81 at 6-7.)

Defendant will pay $490,000 in attorneys' fees and costs to Plaintiffs' counsel Justice in Aging and Legal Aid Society of San Mateo County. The Court finds that this award is fair and reasonable in light of the nature of this Action, counsel's experience and efforts in prosecuting and resolving this action, and the benefits obtained for the Class. Plaintiffs' co-counsel, Morrison & Foerster, has agreed to waive its fees and costs.

1

2     PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

5

      Dated:  April 25, 2017                                    _____
6                                                                HON. JON S. TIGAR
                                                                 United States District Court Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that I am the ECF user whose user ID and password are being used in the electronic filing of this document, and further attest that I have obtained the concurrence in the filing of the document from the other signatory.

_/s/ Andrew Zee_

M. ANDREW ZEE

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of April, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing.

_/s/ Andrew Zee_

M. ANDREW ZEE

---