| | |
|---|---|
| 1 | GERALD A. McINTYRE (SBN 181746) |
| | gmcintyre@justiceinaging.org |
| 2 | JUSTICE IN AGING |
| | 3660 Wilshire Blvd., Suite 718 |
| 3 | Los Angeles, CA 90010 |
| | Telephone: (213) 674-2900 / F: (213) 550-4001 |
| 4 | |
| | TRINH PHAN (SBN 267288) |
| 5 | tphan@justiceinaging.org |
| | JUSTICE IN AGING |
| 6 | 1330 Broadway, Suite 525 |
| | Oakland, CA 94612 |
| 7 | Telephone: (510) 663-1055 / F: (510) 663-1051 |
| 8 | Attorneys for Plaintiffs |
| 9 | *(Additional Counsel listed on next page)* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KEVIN HART, et al., | Case No. 3:15-cv-00623-JST |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION & MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT; STATEMENT AND UNOPPOSED REQUEST FOR STAY OF ADJUDICATION OF MOTION** |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, in his official capacity, | |
| Defendant. | Date: June 3, 2020<br>Time: 2:00 p.m. |
| | Judge: Hon. Jon S. Tigar |
| | Action Filed: February 9, 2015 |

| | |
|---|---|
| 1 | CLAUDIA M. VETESI (SBN 233485) |
| | CVetesi@mofo.com |
| 2 | SPENCER MCMANUS (CA SBN 322824) |
| | SMcManus@mofo.com |
| 3 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 4 | San Francisco, CA 94105-2482 |
| | Telephone: (415) 268-7000 / F: (415) 268-7522 |
| 5 | |
| | HOPE NAKAMURA (SBN 126901) |
| 6 | hnakamura@legalaidsmc.org |
| | LEGAL AID SOCIETY OF SAN MATEO COUNTY |
| 7 | 330 Twin Dolphin Drive, Suite 123 |
| | Redwood City, CA 94065 |
| 8 | Telephone: (650) 558-0915 / F: (650) 517-8973 |

# NOTICE OF MOTION AND MOTION

# FOR ENFORCEMENT OF SETTLEMENT AGREEMENT

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 3, 2020 at 2:00 p.m. or as soon thereafter as counsel may be heard in Courtroom 6 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, before the Honorable Jon S. Tigar, Plaintiffs Kevin Hart, Nina Silva-Collins, and Lee Harris, on behalf of themselves and all other similarly situated ("Plaintiffs"), will move and hereby does move for enforcement of the Amended Class Action Settlement Agreement (ECF No. 79-1) ("Settlement Agreement") entered in this matter, pursuant to Section VI of that Settlement Agreement.

Plaintiffs bring this Motion on the grounds that Defendant Andrew Saul, acting in his official capacity as the Commissioner of Social Security, has failed to comply with its obligations under the Settlement Agreement.

This Motion is based on this Notice of Motion and Motion, the accompanying unopposed request for a stay of adjudication of this Motion, the records and files in this action, and such further briefing, oral argument, and evidence as may be presented by the time of hearing on the Motion.

Dated: April 17, 2020

CLAUDIA M. VETESI
SPENCER MCMANUS
MORRISON & FOERSTER LLP

By: */s/ Claudia M. Vetesi*
     CLAUDIA M. VETESI

Attorneys for Plaintiffs

**STATEMENT REGARDING MOTION;**

**UNOPPOSED REQUEST FOR STAY OF ADJUDICATION OF MOTION**

Per the Joint Status Report (ECF No. 104) filed on March 19, 2020, Plaintiffs Kevin Hart, Nina Silva-Collins, and Lee Harris, on behalf of themselves and all others similarly situated, through their undersigned counsel, submit this notice of motion and motion for enforcement of the Amended Class Action Settlement Agreement (ECF No. 79-1) and an unopposed request for a stay of adjudication of the Motion.

## I. FACTUAL BACKGROUND

### A. Allegations in the Complaint.

On February 9, 2015, Plaintiffs Kevin Hart, Nina Silva-Collins, and Lee Harris ("Plaintiffs") filed a class action complaint challenging the Social Security Administration's ("SSA") reliance, in denying or terminating disability benefits, on consultative examinations ("CEs") performed by a physician who is now disqualified. (*See* ECF No. 1 ("Compl.").)

SSA routinely relies on the reports of consultative examiners when it makes determinations of whether or not a person meets the stringent disability standard required to establish eligibility for Supplemental Security Income ("SSI") or Social Security Disability Insurance ("SSDI") benefits. For many years, Dr. Frank Chen performed a large volume of these CEs in San Francisco and surrounding counties. (Compl. ¶ 5.) Dr. Chen's CE reports contained false statements and were based on cursory examinations and inadequate communications with the individuals about whose impairments he opined. (*Id.* ¶¶ 1, 73.) His examinations were not based on medically acceptable clinical diagnostic techniques, and sometimes included unauthorized examinations. (*Id.* ¶ 73.) Dr. Chen's reports were internally inconsistent, ignoring diagnoses, findings, and symptoms described in his patients' medical records. (*Id.*) Dr. Chen acted unprofessionally and displayed a lack of attention to claimants during their brief appointments. (*Id.*) And Dr. Chen's grossly inadequate performance as a consultative examiner was well known to SSA. After the Disability Determination Service Division of the California Department of Social Services ("DDSD") sent Dr. Chen two Corrective Action letters identifying continuing deficiencies in the quality of his CE reports, it took the extraordinary step of removing

Dr. Chen from the CE panel in December 2013. (*Id.* ¶¶ 74-76.)

But SSA continued to treat his reports as competent evidence even after his disqualification. (*See id.* ¶ 78.) The Office of Disability Adjudication and Review and courts continued to rely on his reports on appeals of determinations of eligibility for benefits. (*Id.*) As these reports continued to be used as evidence, neither SSA nor its agents gave Plaintiffs and members of the class any notice of Dr. Chen's disqualification, or the reasons for his removal. (*Id.* ¶ 77.) Plaintiffs and members of the class were also never given copies of Dr. Chen's reports and thus never had an opportunity to identify any misstatements of fact in his reports. (*Id.* ¶ 10.)

The Complaint brought two causes of action for declaratory relief for improper reliance on Dr. Chen's CE reports and one count for violation of the Fifth Amendment of the U.S. Constitution. (*Id.* at 21-23.)

### B. Class Action Settlement Agreement

After this Court granted class certification on October 14, 2015 (ECF No. 50), the parties engaged in settlement discussions, including multiple settlement conferences with Magistrate Judge Maria-Elena James. These discussions culminated in the Settlement Agreement on September 19, 2016. (*See* ECF No. 76-1.)

On April 17, 2017, this Court granted final approval to the Amended Class Action Settlement Agreement in this matter. (ECF No. 88, *amended*, ECF No. 90.) The Settlement Agreement provides relief to class members through procedural mechanisms that vary depending on the status of their claims and amount of time since their examination by Dr. Chen. (*See* ECF No. 76 at Section III.)

In addition to provisions specifying other prospective relief and the form and content of notices to class members (*see* ECF No. 76-1 at Sections IV-V & Exhibits A-D), the Settlement Agreement provides specific procedures for enforcement of its terms (*see id.* at Section VI). The Settlement Agreement provides that a party may, within 60 days of becoming aware of a potential violation, provide written notice to the other describing the alleged failure to comply. (*Id.* at Section VI.B.) The parties then have 60 days to meet and confer. (*Id.* at Section VI.C.) If the parties cannot resolve the issues, they may schedule a mediation conference between 60 and 120

days after service of the original notice. (*Id.* at Section VI.D.) If the mediation does not resolve the dispute, the complaining party may request judicial enforcement of the Settlement Agreement no later than 60 days after the mediation conference. (*Id.* at Section VI.E.)

Per Section VII of the Settlement Agreement, the parties filed a joint stipulation of dismissal with prejudice on April 25, 2017. (*See* ECF No. 76-1 at Section VII.) That dismissal is effective "three years after the date of final approval" of the Settlement Agreement: April 25, 2020. (*See id.*; *see also* ECF Nos. 90, 91 (granting final approval of the Settlement Agreement; filing of joint dismissal with prejudice).)

### C. 2019-2020 Dispute

On December 11, 2019, Plaintiffs notified Defendant of its failures to comply with the Settlement Agreement. After meeting and conferring under the terms of the Agreement, the parties were unable to resolve their dispute. On February 10, 2020, the parties jointly requested referral to a magistrate judge for a settlement conference. (ECF No. 96.) This Court referred the parties to Magistrate Judge Laurel Beeler, and a settlement conference was scheduled for March 27, 2020. (ECF No. 102.)

### D. COVID-19 Delays and Joint Status Report

On March 16, 2020, Magistrate Judge Beeler notified the parties that the in-person settlement conference would not proceed as scheduled on March 27, 2020 due to recently issued court policies related to the COVID-19 pandemic. (ECF No. 103.) Magistrate Judge Beeler asked the parties to file a joint status report outlining their proposal for how to move forward.

On March 19, 2020, the parties filed a joint status report outlining their proposal for how to move forward. (ECF No. 104.) The parties outlined their agreement to preserve Plaintiffs' right to file a motion for enforcement of the Settlement Agreement with this Court, should the in-person settlement conference not resolve Defendant's alleged failures to comply with the Settlement Agreement. (*Id.* at 1-2.) The parties agreed that Plaintiffs would notice a motion to enforce the Settlement Agreement with this Court prior to the April 25, 2020 effective date of the stipulated dismissal. (*Id.* at 1.) The parties further agreed that Plaintiffs would request this Court to stay adjudication of the motion until the parties and Magistrate Judge Beeler had conducted an

in-person settlement conference. (*Id.*) They further agreed that if the settlement conference resolved the disputes, that Plaintiffs would withdraw their motion within 30 days of the settlement conference, but if the disputes were not resolved, Plaintiffs would within that same time period file a memorandum in support of their motion and set a briefing schedule and hearing date per local rules. (*Id.* at 1-2.) Plaintiffs agreed that the motion to enforce contemplated in the joint status report would be limited to the issues raised in their December 11, 2019 letter. (*Id.* at 2.) Defendant agreed that it would not oppose a request for a stay of adjudication of the motion, and that if adjudication of the motion became necessary, it would not argue that (1) the case was dismissed because Plaintiffs' motion to enforce was not adjudicated prior to April 25, 2020; or that (2) by filing the motion prior to conducting a settlement conference, that Plaintiffs did not follow the dispute resolution mechanism specified in Section VI of the Settlement Agreement. (*Id.*)

Magistrate Judge Beeler set an in-person settlement conference for July 14, 2020, her earliest available date. (ECF No. 105.) The parties agreed that if it was still unsafe to conduct an in-person settlement conference as the new date approached, the parties and Magistrate Judge Beeler would address that issue at that time. (ECF No. 104 at 1.)

## II.  UNOPPOSED REQUEST FOR STAY OF ADJUDICATION OF MOTION

Per the parties' agreement, Plaintiffs respectfully request that the Court stay the adjudication of Plaintiffs' motion for enforcement of the Settlement Agreement until an in-person settlement conference can be held. "The power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket . . . ." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court weighs three factors when considering a stay: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). These factors favor a stay of adjudicating this motion.

First, a stay will not "damage" or prejudice any party. *CMAX, Inc.*, 300 F.2d at 268.

1  Indeed, Defendant does not oppose this request, and the parties have agreed that a stay of
2  adjudicating this motion is appropriate given the unique circumstances of COVID-19.  (*See* ECF
3  No. 104 at 1-2.)  That this request for a stay is unopposed heavily weighs in favor of granting the
4  request.  *See, e.g.*, *Casserly v. Power Balance, LLC*, No. 11-cv-670, 2011 WL 13220130, at *2
5  (C.D. Cal. June 13, 2011).

6  Second, Plaintiffs would suffer an "inequity" if this motion were adjudicated now.
7  *CMAX, Inc.*, 300 F.2d at 268.  Plaintiffs timely notified Defendant of a dispute under the
8  Settlement Agreement, met and conferred with Defendant, and scheduled a settlement conference
9  a month prior to the effective date of the dismissal to allow them sufficient time to file a motion
10 for enforcement with this Court should it be necessary—all as required by the Settlement
11 Agreement.  Plaintiffs should not be prevented from litigating a motion to enforce the Settlement
12 Agreement (should that become necessary) due to an unavoidable and unforeseeable delay in
13 holding an in-person settlement conference.

14 Third, a stay has the potential to "simplify[] . . . issues" that would be presented to this
15 Court in any motion to enforce.  *CMAX, Inc.*, 300 F.2d at 268.  With a stay, the parties can
16 conduct an in-person settlement conference with Magistrate Judge Beeler this summer in an
17 attempt to resolve their disputes.  If they are able to resolve the disputes, adjudicating the motion
18 will not be necessary, and the dismissal with prejudice would take effect.  Even if the parties are
19 unable to fully resolve the disputes, the settlement conference would assist the parties in
20 narrowing and sharpening the issues for this Court's resolution.

21 Accordingly, these factors weigh in favor of granting this unopposed request for a stay of
22 adjudicating this Motion.

### III.  CONCLUSION

24 Plaintiffs respectfully request that the Court remove the hearing for this Motion from its
25 calendar and stay adjudication of this Motion until an in-person settlement conference is held.  If
26 the settlement conference resolves the disputes, Plaintiffs will withdraw this Motion within 30
27 days of the settlement conference.  If the settlement conference does not resolve the disputes,
28 Plaintiffs will file a memorandum in support of this Motion within 30 days of the settlement

conference and set a briefing schedule and hearing date per local rules.

Dated: April 17, 2020

CLAUDIA M. VETESI
SPENCER MCMANUS
MORRISON & FOERSTER LLP

By: */s/ Claudia M. Vetesi*
     CLAUDIA M. VETESI

Attorneys for Plaintiffs